## THORNBURGH v. MADREN *et al.*

1. Bankruptcy: EFFECT OF DISCHARGE. A properly attested certificate of discharge in bankruptcy will, in the absence of proof to the contrary, be construed to operate as a complete discharge of all prior debts.

2. Surety: AGENT: ESTOPPEL. Where a person leaving the State placed a lot of notes in the hands of his son for collection, it was *held*, that this constituted the latter his agent respecting all matters properly connected with the purpose of the agency; that notice to such agent, by a surety on one of the notes, to proceed against the maker, was equivalent to notice to the principal, and that a statement by such agent to the surety that the debt was paid, and that he need give himself no further trouble respecting it, estopped the principal from afterward proceeding on the note against the surety.

*Appeal from Dallas Circuit Court.*

FRIDAY, FEBRUARY 23.

ACTION on a promissory note for $800, dated February 4, 1865, payable twelve months after by the defendants to the order of plaintiff.

The defendant Madren admits the execution of the note, and pleads that, on the 28th day of May, 1868, he was adjudged a bankrupt, and that on that day he was duly discharged from the payment of the note. A copy of such discharge by the United States district court of Iowa is annexed to his answer.

Lindley answers, admitting the execution of the note; alleges that he was surety only thereon; that plaintiff knew this fact; that at the maturity of the note, and for a long time thereafter, Madren, the principal, was solvent; that after the note was due plaintiff informed him (Lindley) that the note had been paid, and that he need take no steps to secure himself; that he relied upon such representation and did nothing to secure himself, and that since that time Madren has become insolvent.

Trial by jury, who rendered a general verdict for defendants, and also the following special verdict:

"1. Is the defendant Lindley surety on the note sued on, of his co-defendant, M. Madren?"  "Yes."

"2. Was the fact that Lindley was surety on the note known to plaintiff when he took the note?"  "Yes."

"3. Did the plaintiff, shortly after the note in suit was executed, leave the State and go to Indiana, and remain there for two years?"  "He did."

"4. Did the plaintiff, when he went to Indiana, leave the note in suit, and all his other notes on parties in this county, with his son, Wm. Thornburgh, Jr.?"  "He did."

"5. Did the plaintiff authorize his son, William Thornburgh, Jr., to receive the amount of the notes he left with him?"  "He did."

"Did the defendant E. Lindley call upon Wm. Thornburgh, Jr., for the purpose of giving him notice to collect the note by suit?"  "He did not call upon him at any specific time to serve a notice, but intended to do so if he found it necessary."

"7. Did said William Thornburgh, Jr., on the next day

after Lindley called upon him, about the collection of said note, represent to said Lindley that the note had been paid by Madren, and that he need give himself no further trouble about it?"   "He did."

"8. Did the defendant Lindley rely on the representations of William Thornburgh, Jr., that the note in suit was paid by Madren?"   "Yes."

"9. Has Madren, since the month of August, 1867, been adjudged a bankrupt and been discharged as such?" "He has."

"10. Was it in pursuance of what took place between William Thornburgh, Jr., and the defendant Lindley, on the day when Lindley called on William Thornburgh, Jr., about the collection of said note, that Thornburgh represented that the note was paid, and that Lindley need give himself no further trouble about it?"   "It was."

And the following at the instance of the plaintiff:

"Did William Thornburgh, Jr., state to defendant Lindley that the note in suit was paid, and, if so, in what did he state it was paid—if in any thing?"   "He did state that the note was paid, but he did not state in what it was paid."

Plaintiff's motion for a new trial being overruled, judgment was rendered on the verdict for defendants, from which plaintiff appeals.

*Willard & North* for the appellant.

*J. R. Reed* for the appellees.

MILLER, J. — I. It is insisted that the court below erred in admitting in evidence the discharge of Madren in bank-

1.BANKRUPTCY: ruptcy, under the hand and seal of the judge
effect of dis-
charge.        of the United States district court for Iowa, and duly certified by the clerk of that court under the seal of the same, for the alleged reason that the plaintiff never

was notified of the proceedings in bankruptcy. Whether the objection made would be good if it had been shown that plaintiff had not been notified of the proceedings in bankruptcy we need not determine. The discharge being duly and properly attested, thought it did not, as it need not, show whether plaintiff had notice or not, and purporting to be a full discharge from all prior debts under the bankrupt act of congress, the court could not presume, in the absence of proof, that it did not operate as a discharge of Madren from this debt.

The court could not, on the objection of appellant, presume that he did not have notice of the proceedings in bankruptcy, which it would be necessary to do in order to sustain the objection, even if a want of notice would be ground for objection.

II. Appellant maintains that the representations of William Thornburgh, Jr., to Lindley, that the note was

2. SURETY: paid and that he need take no steps to secure
agent :
estoppel. himself against loss, etc., were not binding on the plaintiff. We are of opinion that, under the facts found by the jury, they were binding on the plaintiff.

The facts found are that plaintiff knew Lindley was but surety for Madren ; that he left this note, with all the other notes held by him on persons in the same county, in the hands of his son, with authority to receive payment on the same, and that he left the State and remained absent in the State of Indiana for about two years, thus constituting him agent for the collection of the note. It was one of the rights of the surety, which plaintiff knew, to require the creditor to sue the principal on the note or to permit the surety to do so in the creditor's name, or, in case of refusal, the surety would be discharged. Revision of 1860, §§ 1819, 1820. *Hill* v. *Sherman*, 15 Iowa, 365. The right to elect, whether he would sue or permit the surety to do so, rests with the creditor. Ib. But, if he refuses to do either, when properly requested by the surety, the

latter will be discharged. This right of the creditor to sue or not, when proper demand is made by the surety, is an incident to the debt itself, essential to the preservation of the security for the debt; therefore, when the plaintiff placed the note in the hands of his son for collection when it became due, making him his agent for that purpose, he also conferred upon him authority to exercise this right of election, to bring suit against the principal or permit the surety to do so, and he did not restrict the authority of his agent to the mere power to receive payment and deprive the surety of his rights.

The note was in this State in the hands of an agent for collection, and to him the surety had a right to apply and demand that the proper steps be taken to collect the same from the principal, and the agent had authority to act in the premises. The power to collect included this incidental power, and the principal is bound by the acts of his agent, within the scope of his authority.

Now, the findings of the jury show that Lindley called on the agent having the note, with the intention of giving him notice to collect the same by suit against the principal, if he found it necessary, and that he was informed by the agent that the note was paid, and that he need give himself no further trouble about it. Lindley relied on this representation, and took no steps to secure himself against loss. The creditor, through his agent, admitted or represented that the debt for which the surety was bound had been paid. The surety acted upon it, and will suffer loss if the creditor shall be allowed to controvert the fact of payment. In such case, he is estopped from so doing. *Chambers* v. *Cochran & Brock*, 18 Iowa, 167.

The objections urged to some of the instructions given by the court need not be noticed, as the facts are all specially found by the jury. We may add, however, that they were in accord with the views above expressed.

The judgment of the circuit court is       Affirmed.