PLEASANT H. WHITAKER, plaintiff in error, *vs.* JOHN T. KIRBY, defendant in error.

The holder of a promissory note, believing it was paid off in a trade he supposed he had made with the principal, so informed the security, who knew nothing to the contrary for five years, when suit was brought on it:
*Held*, that this conduct of the holder discharged the security.

Promissory notes.   Principal and security.   Before Judge HALL.   Coweta Superior Court.   September Term, 1874.

On February 2d, 1866, Whitaker brought complaint against William B. Blalock, as principal, and John T. Kirby, as security, on a note dated December 20th, 1860, whereby they promised to pay to the plaintiff or bearer, by December 25th

next, $250 00. Kirby pleaded that in the latter part of the year 1861 or the first part of 1862, the plaintiff told him that the note sued on was paid off, thus throwing him off his guard and preventing him from taking security from the principal to indemnify him against loss, which said principal was able and willing to give; that he was thereby induced to permit said principal to dispose of all his property, and to move beyond the jurisdiction of this court; that he was thereby prevented from giving the said plaintiff notice to sue on said note, which he fully intended to do had he not been misled by the plaintiff.

Upon the trial of the issue thus formed, evidence was introduced to show that the defendent Kirby was an accommodation indorser; that in the latter part of 1861, or first of 1862, the plaintiff informed Kirby that he had purchased a half-interest in the tan-yard of the defendant Blalock, and that the note sued on was paid off in the trade.

Testimony was also introduced supporting the other allegations of the plea.

The plaintiff in his testimony admitted that the purchase of the half interest in the tan-yard was agreed upon, but denied that the sale to him was ever really consummated. He denied that the note in the suit was ever mentioned to Blalock in connection with said purchase, but admitted that he had no doubt that if said trade had been completed said note would have been used in part payment. He stated that he did not recollect the conversations referred to in the evidence introduced for the plaintiff, in which he admitted that said note had been paid, but that if he participated in such conversations he must have told the truth, which was as he now testified to.

The jury found against the defendant Blalock, and in favor of Kirby. The plaintiff moved for a new trial because the verdict was contrary to the law and the evidence. The motion was overruled and the plaintiff excepted.

SAMUEL FREEMAN; J. B. S. DAVIS, for plaintiff in error.

ORLANDO McCLENDON, by P. H. BREWSTER, for defendant.

McCAY, Judge.

The evidence that the plaintiff, after the note sued on had matured, notified the defendant Kirby that it was settled by the principal, Blalock, is almost conclusive. Indeed, the verdict of the jury could have been sustained, had they, under this evidence, found for the defendant on the plea of payment. But we think this case comes within section 2154 of our Code. That section is in these words: " Any act of the creditor, before or after judgment against the principal, which injures the security or increases his risk, or exposes him to greater liability, will discharge him." It was contended in argument before us that as there is no affirmative proof that the principal, Blalock, is now, or has been at any time since the maturity of the note, or since this notice that it was paid off was given, any less solvent than he was then, it follows that there is no evidence that the security has been injured, and that, therefore, he is not discharged. To this it might be replied that there is some evidence of this. The elder Kirby does testify that after the making of the note Blalock did become less reliable, so that *he* would have less readily gone his security. It also appears that Blalock has left the state. To this it is replied that this was after suit was brought, and therefore, after notice that plaintiff was denying the payment. But there is no proof that Kirby ever knew the truth of the case until this trial. He supposed the note was paid off, and at the first trial it seems he so satisfied the jury. And even now the contrary of this is only made out by the plaintiff's own evidence. Is there any proof that he informed Kirby before Blalock left, how the many facts appearing to establish the payment were to be explained, to-wit: that the trade paying the note was in fact made and acted on, and only failed to be perfect because Whitaker submitted to Blalock's illegal repudiation of his contract? But we are clear that this

conduct of Whitaker, in notifying Kirby that the note was paid off, and permitting him to remain in ignorance of the truth, from 1861 until 1866, was, of itself, a discharge of Kirby, under the statute. The language of the Code is not only "injures the security," but "exposes him to greater liability or increases his risk." . This court, in *Toomer vs. Dickerson*, 37 *Georgia*, 428, held that the failure of the mortgagee to put upon record a mortgage given to secure the debt by the principal, discharged the security, though it did not affirmatively appear that the security was injured; under such failure he was liable to have been injured, his risk was increased. This is a much stronger case. Here the security was allowed, for nearly five years, to rest under the belief, produced by the plaintiff's own declaration, that the note was paid off. Under the law, the security had a right to notify the plaintiff to sue, and on failure to sue in six months, this would discharge him. He had, besides, a right at any time to pay the debt and himself collect the money. He had a right to get additional security for his own protection. Who shall say what he would have done had he known the truth? And all of these rights he has, in effect, been deprived of, by the information given him by the plaintiff. He had no call to use any of these rights, because the plaintiff had told him the note was paid. It is no reply to this to say that if the principal is still solvent the security is not hurt. It does not appear that the principal is solvent. Perhaps he was not entirely solvent at the time of the contract. The point of the argument set up is, that there is no proof of the condition of the principal having changed *for the worse.* Suppose, in fact, he be as good now as he was then, might not the security, had he known the truth, have secured himself or got this note into judgment, so as bind the very tan-yard in dispute, before Blalock sold it, or protected himself in various ways. Men often do this even when the debtor is in fact insolvent. This act of the plaintiff, was, in our judgment, a serious wrong, "injury" to the defendant. He thus lulled him to sleep; in fact, deprived him of several ways by which he *might* have

secured himself. If Blalock is still solvent, the plaintiff is not hurt. The contract of the security is without consideration *to* himself, and the creditor ought to exercise towards him every duty.

Judgment affirmed.