J. R. HIGH, plaintiff in error, vs. EDWARD COX, defendant in error.

1. Notice that the acceptor has failed to pay is not necessary to charge the drawer of a domestic bill of exchange in this state, the draft or bill not being intended to be negotiated at any chartered bank.

2. When the holder of a bill of exchange or draft, gave time to the acceptor, and told the drawer that the acceptor had arranged the draft with him, and the drawer is thereby induced, in a settlement with the acceptor, to allow him the amount of the draft, and two or three years have elapsed until the acceptor has become insolvent, and the drawer has lost all hope of recovering the value of the draft back from the acceptor, and suit is then brought by the holder against the drawer :

*Held*, that such conduct of the holder and consequent loss of the drawer, discharges the drawer from the payment of the debt.

Bills of exchange. Indorsement. Notice. Protest. Principal and security. Before Judge HOPKINS. DeKalb Superior Court. September Term, 1875.

Reported in the opinion.

L. J. WINN, for plaintiff in error.

CANDLER & THOMSON, for defendant.

JACKSON, Judge.

High sued Cox on a sight draft drawn on Jackson. Jackson had accepted the draft but failed to pay it.

Two questions are made in the record: First, was Cox, the drawer of this inland bill, entitled to notice. That question was decided in the case of *Powell & Jones vs. Phillips*, during this term. The draft was not intended to be negotiated at a chartered bank, and the drawer of such a paper is not entitled to notice.

The other question is made upon the charge of the court. The court charged to the effect that if High, the holder of the draft, told Cox, the drawer, that Jackson, the acceptor, had arranged with him about the draft, and if, in consequence of that statement, Cox, in a settlement of a debt due by Jackson to him, gave Jackson credit for the amount of the draft, and Jackson afterwards became insolvent, so that Cox lost all recourse on him, that such conduct and loss discharged Cox from the payment of the draft to High.

The drawer of such a paper stands in a relation similar to that of a security; he is liable only in the second instance, and it would seem to follow that any indulgence, granted for a consideration, or any other conduct of the holder by which loss was incurred by the drawer, ought to discharge the latter from paying the debt. In the case of *Whitaker vs. Kirby*, 54 *Georgia Reports*, 277, it was held "that where the holder of a promissory note, believing it was paid off in a trade he supposed he had made with the principal, so informed the security, who knew nothing to the contrary for five years, when suit was brought on it, such conduct of the holder discharged the surety." We think that the principle there decided covers this case. Here the drawer hears nothing for over two years; in the meantime settles with Jackson on the idea that Jackson has arranged to pay this draft, and that all is satisfactory to High, and Jackson becomes insolvent. It seems to us right that High should lose by Jackson's insolvency, and not Cox, if these facts be true, and the court

left the truth of the facts to the jury, and they found for Cox. But it is said there was no evidence to authorize the charge. We think that the testimony of Cox and Jackson fully sustains it; and if the jury believed them in preference to the other witnesses, it was their right to do so.

Judgment affirmed.