EDWARD R. SOUTHARD *vs.* ARTHUR B. SUTTON *et als.*

Penobscot. Decided December 27, 1878.

*Mortgage. Parties. Estoppel.*

All the owners of a right in equity to redeem real estate under mortgage must be made parties to a bill to redeem. If any one of them refuses to become a party plaintiff, he must be made a party defendant.

The fact that one of the parties having an interest in an equity of redemption resides out of the state, is no excuse for omitting to make him a party to a bill to redeem.

If one having a right to redeem real estate under mortgage assures a proposed . purchaser of the fee that he will not redeem, and this assurance is given for the purpose of inducing such purchaser to buy, and he is thereby induced to buy, the owner of the right will be estopped afterward to enforce it against the purchaser or his assignees; and if one afterward purchases the right of redemption, with notice of the facts which create the estoppel, he also will be estopped to enforce such right.

ON REPORT.

BILL IN EQUITY to redeem real estate under mortgage, referred to Samuel F. Humphrey, who reported in substance that John Dean, on March 3, 1854, mortgaged the premises to W. & J. Colburn, who assigned to Arthur B. Sutton; that the mortgage remained unpaid in Sutton's hands till the death of John Dean, intestate, insolvent, April 8, 1868; that Sutton then held another mortgage on other real estate, the homestead of Dean; that, in addition to the two mortgages, Sutton held unsecured debts against Dean, on whose estate there was never administration; that Dean left a widow and eight children, one of whom was in California; that the widow and such of the children as were at home desired such settlement of the estate as would secure to the

widow the homestead; that Sutton proposed to the widow that he would assign to her the mortgage of the homestead and cancel his unsecured claims against the estate, provided good title should be given him of the premises in suit, and also a note of $150 belonging to the estate; that, after negotiations extending to December 16, 1870, a settlement between Sutton and the estate was concluded upon the basis of Sutton's offer, and that the children (at home), so far as they were consulted and could know about the matter, desired that the settlement should be made in that way; that the plaintiff was then the adviser of Mrs. Dean, and knew the intentions of Sutton and Mrs. Dean, and that they were in accordance with the desire of the children to secure to their mother a homestead, and that Sutton should be the absolute owner of the mortgaged premises in question, as well as that Mrs. Dean should become the owner of the homestead; that the premises were conveyed by warranty deed by Sutton to Garland & Cassidy, March 10, 1869, and by G. & C. to Leclair by quitclaim April 26, 1869, G., C. & L. being the other respondents; that the plaintiff, in 1873, purchased the right to the mortgaged premises of seven of the eight children of John Dean and took the conveyance thereof to himself.

The report continued : " Upon the foregoing facts found by me, I find and decide as matter of law, subject, however, to the ruling of the court thereon, that said Southard is entitled to redeem the said mortgaged premises ; that Sutton took possession thereof May 7, 1868, and that he and his grantees have held the same ever since; that Mrs. Dean did, on December 16, 1870, convey by quitclaim her interest in the premises to Sutton; and that her interest so conveyed was the right to have dower assigned her in the premises, worth, on December 16, 1870, $143.10."

The further findings of the referee as to the mortgage debt and the costs are, by the opinion, rendered immaterial.

*F. A. Wilson & C. F. Woodard,* for the plaintiff.

*J. Varney,* for the defendants.

WALTON, J. All the owners of a right in equity to redeem real estate under mortgage must be made parties to a bill to

redeem. If any one of them refuses to become a party plaintiff, he must be made a party defendant. "A person having a partial interest in the equity of redemption, in the absence of the other parties interested therein, cannot maintain a bill to redeem." Story's Equity Pleading, § 187. The fact that one of the parties having an interest in the equity of redemption resides out of the state, is no excuse for omitting to make him a party to the bill to redeem. *Chamberlain* v. *Lancey*, 60 Maine, 230.

In this case, the equity of redemption, owned by John Dean, at his death descended to his eight children. The plaintiff has purchased the interest of seven of the heirs, and, without making the other heir a party to the bill, either as a plaintiff or a defendant, claims the right to redeem the whole estate, and to have an account of the whole of the rents and profits, to aid him in so doing. This the law will not allow. The other heir has a right to his share of the rents and profits, and a right to be heard in the determination of the amount thereof. He also has a right to redeem his share at the same time that the other joint owner redeems his. He has a right to be consulted before the fee and the right of possession are transferred to a new party, for his interests may be thereby seriously compromised. The new party may be less responsible for the rents and profits, less likely to keep the estate in repair, and less likely to avoid strip and waste.

The defendants also have an interest in having the other heir made a party to the bill. In view of the conveyance made by his mother, he may decline to redeem his share, or to require the defendants to account for his share of the rents and profits, and thus the defendants may be left in possession of valuable interests of which it is now proposed to deprive them. In other words, the other joint owner of the equity of redemption is an interested, and therefore a necessary party to the bill, and one, without which, the court cannot rightfully make the decree prayed for. The fact that he resides out of the state, as already stated, is no excuse for omitting him. If his residence could not be ascertained, so as to serve him with personal notice, such other service as the court might order would then be sufficient.

Another difficulty. The facts reported by the referee are not

sufficiently full and explicit to enable the court to determine the rights of the parties now before the court.

If one having a right to redeem real estate under mortgage assures a proposed purchaser of the fee that he will not redeem, and this assurance is given for the purpose of inducing such purchaser to buy, and he is thereby induced to buy, the owner of the right will be estopped afterward to enforce it against the purchaser or his assignees; and if one afterward purchases the right of redemption, with notice of the facts which create the estoppel, he also will be estopped to enforce such right. *Fay* v. *Valentine*, 12 Pick. 40. *Chapman* v. *Pingree*, 67 Maine, 198.

Hence it is important to know how many and which of the heirs of John Dean were consulted and desired the defendant (Sutton) to purchase the estate in question, of their mother, and what assurances, if any, they gave him, and what knowledge, if any, the plaintiff had of these assurances when he purchased of the heirs, to the end that the court may see how far they and he may be estopped. In these particulars the report of facts is fatally defective.

*Bill dismissed, with costs.*

Appleton, C. J., Barrows, Danforth, Peters and Libbey, JJ., concurred.