### EARLY & LANE v. J. O. CHAMBERLAIN.

(No. 1712, Op. Book No. 2, p. 87.)

APPEAL from Robertson County.   Opinion by QUINAN, J.

§ **920.** *Surety.*   "He that is surety for a stranger shall smart for it, and he that hateth suretyship is sure."

§ **921.** *Indorser; surety; acceptance of.*   H. was indebted to E. & L. by note past due.   He desired an extension of time for the payment of the note, and in order to obtain it presented to M., the agent of E. & L., a new note, with C. as indorser thereon.   M. took the note subject to the ratification of E. & L.   In a few days thereafter M. informed H. that E. & L. would not accept the new note in place of the old one.   H. informed C. of this fact.   Subsequently, however, E. & L. did accept the new note, and surrendered the old note to H., and H. was granted the extension of time he desired.   C. was not informed of these facts.   H. went into bankruptcy, and C. was sued upon his indorsement.   *Held*, 1.  The obligation which C. incurred by indorsing the note before it was delivered to the payee was that of original promisor, but the proof shows that it was done for the accommodation of H.; that C. was only the surety of H., and that it was so understood by E. & L., and they must be held to deal with him in that character.   [Cook v. Southwick,

517

9 Tex. 618.] 2. It would be manifestly unjust to hold the surety liable after putting him off his guard by assurances that his obligation would not be accepted and that he would not be held bound, and so leading him to neglect the measures he might otherwise take to secure himself from injury. And so it has been held that, "if a creditor tells the surety that the debt is paid, when in fact it is not, and the surety in consequence omits to secure himself, or is in any manner injured thereby, he is discharged. [Bank v. Haskell, 51 N. H. 116; High v. Cox, 55 Ga. 662; Thornburgh v. Madren, 33 Iowa, 380; Brandt on Suretyship, 299.] 3. That C. was *prima facie* liable on the note, and if he would avoid the liability, the burden was upon him to prove such facts as would relieve him. He had executed the note to obtain for H. an extension of time on his debt to E. & L. He had delivered it to M. to be used for that purpose. It was used for that purpose and no other, and the extension of time was obtained in consequence. The note remaining under the control of M., it must be presumed that he held a continuing authority to use it for the purposes for which it was executed, and it was incumbent upon C., if he would avail himself of the *locus penitentiæ* offered by the refusal of E. & L. to accept the note in substitution of H.'s old note, promptly to notify them that he would not be longer bound upon the obligation. 4. By indorsing and delivering the note, C. put it within the power of H. to negotiate with E. & L. for an extension of time upon the security of that note, and suffering it to remain under the control of H. after he had been notified by H. of its rejection, he must bear the loss if H. dealt falsely with him in regard to it. The maxim applies, "He who trusts most must suffer most." E. & L. had a right to suppose that the authority of H. to use the note was unrevoked.

June 16, 1880. Reversed and remanded.