Auchampaugh, Adm'r, v. Schmidt.

---

## AUCHAMPAUGH, ADM'R, v. SCHMIDT.

1. **Witness:** COMPETENCY: PERSONAL TRANSACTION WITH DECEDENT. In an action by an administrator against one of the joint makers of a promissory note given to his intestate, the wife of the defendant was an incompetent witness on behalf of defendant to prove that he signed the note as surety only,—the execution of the note being a personal transaction between defendant and the decedent. ( Code, § 3639.)

*Appeal from Buchanan District Court.*

TUESDAY, OCTOBER 18.

ACTION upon a promissory note, executed to the plaintiff's intestate, J. P. Schneider, by the defendant and one Leipold.

There was a trial to the court, and judgment was rendered for the defendant. The plaintiff appeals.

*E. E. Hasner* and *Daniel Smyser*, for appellant.

*Woodward & Cook*, for appellee.

ADAMS, CH. J.—The note appears upon its face to be the joint note of Charles Leipold and the defendant, Christian Schmidt. The defendant, however, pleaded that he signed the note as surety, and that the holder and payee of the note, after the same became due, agreed to look exclusively to Leipold, and released the defendant.

Upon the trial, the defendant called his wife as a witness, to prove that he executed the note as surety. The plaintiff objected to the testimony, on the ground that the execution of the note was a personal transaction between the defendant and the plaintiff's intestate, and that the defendant's wife was not competent to testify to such transaction. The court overruled the objection; and the witness testified that her husband signed the note as surety. The plaintiff assigns the admission of this evidence as error. Under section 3639 of the Code, it is not competent for a party, nor the wife of a party, to testify, as against an administrator, to a personal transaction between the party and the decedent, unless the administrator is examined as a witness in his own behalf, or the testimony of the decedent is given in evidence. In the case at bar, neither the testimony of the administrator nor of the decedent was given in evidence; and it appears to us that the defendant's wife was an incompetent witness to prove that her husband signed the note as surety. Certainly, the execution of a promissory note is a personal transaction between the person executing it and the payee, and the testimony admitted in this case was in regard to it. It showed the transaction to be of a different character from what it appeared to be on its face, and subject to different rules of law. In our opinion the court erred in admitting the evidence.

Some other questions are presented; but, as to them, we might not be agreed, and as the evidence may be different on another trial, and the precise questions not arise again, we omit to determine them.

REVERSED.