Auchampaugh v. Schmidt.

AFFIRMED.

## AUCHAMPAUGH v. SCHMIDT.

1. **Surety:** DISCHARGE: AGREEMENT TO LOOK TO PRINCIPAL ALONE : CONSIDERATION : ESTOPPEL. Defendant, as surety for L., signed the note in question, and the payee knew that defendant was only a surety. The parties then all lived in Illinois. After the maturity of the note, defendant was about to remove to Iowa, and, at his request, his wife called on the payee of the note and requested him to release defendant from liability thereon, and he then promised to look to L. alone for payment, and stated that defendant need give himself no further concern about it. This promise was communicated to defendant, and he heard nothing further about it until some eight years afterwards. At that time L. had an abundance of property, but is now insolvent. *Held,* that these facts did not discharge defendant from liability on the ground of an estoppel, because the payee made no statement or representation as to existing facts, but a mere promise as to the future ; and that the promise did not discharge him, because it was without any consideration.

2. **Witness:** COMPETENCY: PERSONAL TRANSACTION WITH DECEDENT. In an action by an administrator against one of the joint makers of a promissory note given to his intestate, the wife of the defendant was a competent witness on behalf of defendant, under section 3641 of the Code, to prove that he signed the note as surety only. (*Auchampaugh v. Schmidt,* 72 Iowa, 656, *overruled.*)

*Appeal from Buchanan District Court.*—HON. J. J. NEY, Judge.

FILED, JANUARY 24, 1889.

Auchampaugh v. Schmidt.

ACTION on a promissory note. The defenses pleaded are : ( 1 ) That defendant is surety on the note, and that plaintiff's intestate had neglected to institute suit thereon against the principal maker, and that the action against him is now barred by the statute of limitations of the state of Illinois, where he resides, whereby defendant was discharged ; and ( 2 ) that after the maturity of the note, and when defendant was about to remove to this state, the intestate released defendant from liability, and promised to look alone to the principal for payment ; the principal then being solvent, and being now insolvent. No question arose on the trial under the first defense, and it was not submitted to the jury. On the second defense there was a verdict for defendant on which the district court entered judgment. Plaintiff appeals.

*E. E. Hasner*, for appellant.

*Woodward & Cook*, for appellee.

REED, C. J.—The verdict determines the following facts : Defendant signed the note as surety for Charles

1. SURETY: discharge: agreement to look to principal alone: consideration: estoppel.

Leopold, the other maker, and the fact of his suretyship was known to the payee, plaintiff's intestate, when he accepted it. At that time the parties all resided in Illinois. After the maturity of the note defendant was about to remove to this state, and, at his request, his wife called on the holder of the note, and requested him to release defendant from liability thereon, and he then promised to look alone to Leopold for payment, and stated that defendant need give himself no further concern about it. This promise was communicated to defendant, and he heard nothing further concerning the matter until after the death of the holder of the note, which occurred some eight years afterwards. At that time Leopold had abundance of property out of which the debt could have been made, but is now insolvent. The principal question in the case is whether, upon this state of facts, defendant is discharged from liability.

It is well settled that if the creditor makes any representation to the surety as to the condition of the indebtedness, as that it has been paid by the principal, and he is induced thereby to change his situation with reference to it, he is thereby discharged. Brandt, Sur., sec. 211 ; *Thornburgh v. Madren*, 33 Iowa, 380. The rule in that respect is founded on the equitable doctrine of estoppel. In the case in 33 Iowa the surety was about to give the notice prescribed by the statute (Code, sec. 2108) to require the creditor to sue on the note, and was informed by the creditor that the principal had paid the debt; and, relying upon that statement, he omitted to give the notice. The debt had not in fact been paid, and suit was afterwards brought on the note against the surety, the principal in the meantime having been adjudged a bankrupt and received his discharge. It was held that, as the creditor had misled the surety to his injury by the statement that the debt was paid, he would not afterwards, as against him, be permitted to affirm its falsity.

It may also be regarded as settled that if the creditor promises to look alone to the principal for payment, and the surety, in reliance on that promise, either surrenders securities held for his indemnity, or is induced to omit to procure security, or otherwise changes his position with reference to the principal, he is thereby discharged. *Harris v. Brooks*, 21 Pick. 195 ; *Bank v. Haskell*, 51 N. H. 116 ; *Whitaker v. Kirby*, 54 Ga. 277. This holding is upon the ground that what has been done amounts to a valid agreement for the discharge of the surety, the promise of the creditor having for its support as a consideration what was done by the surety in reliance upon it.

The facts of the present case, however, do not bring it within either of the rules. The transaction lacked the elements essential to constitute an estoppel. There was no statement or representation as to existing facts, but a mere promise as to future actions. To constitute an estoppel there must have been a representation as to some fact upon which the party has relied and acted, so

as to change his condition with reference to the subject, and it does not arise upon a mere promise as to future actions. It also lacked the essential element of a contract.

There was no claim that defendant ever held any security for his indemnity against liability, nor was there any pretense that he contemplated procuring such security when he made the request to be released, and was induced by the promise to omit to procure it. In every respect his relation to Leopold continued the same after as before the promise was made. The promise, then, was *nudum pactum*. Intestate gained no advantage by it, and defendant suffered no loss or inconvenience from it. His liability on the note was in no manner affected by it, but an action for its enforcement might have been maintained the next hour or the next day, as well as before the promise was made. As the contract continued in force, it is manifest that his liability would continue until terminated by some subsequent act of the parties, or by operation of law ; but no act having that effect was ever done. As the liability existed when Leopold became insolvent, that circumstance has no effect different from what it would have had if it had occurred before the promise was made.

When the evidence was closed, plaintiff moved the court to direct a verdict for him. We think the court erred in overruling that motion; for, while there was some conflict in the evidence, that given by defendant tended to prove only the state of facts enumerated above.

The case has twice before been in this court. On the first appeal (70 Iowa, 642), it was held that, if the action for the enforcement of the note against Leopold was barred by the statute of Illinois, it was also barred as against defendant. As stated above, that question was not submitted to the jury, and we assume that it has since been ascertained that the action was not barred as against Leopold, although that is not shown by the record.

On the second appeal (72 Iowa, 656), it was held that defendant's wife was not a competent witness as **2. WITNESS: competency: personal transaction with decedent.** against the administrator, on the question of suretyship. The same witness was examined upon the last trial on the same question, but error was not assigned on the ruling admitting her testimony. We deem it proper, however, to say that our holding on the question is manifestly wrong. The witness testified to an alleged transaction between deceased and her husband, at which she claimed to have been present, and not to a transaction between deceased and herself. It is as to transactions and communications between the witness and deceased that she is disqualified to testify by Code, section 3639. As to the transaction between deceased and her husband she is a competent witness under section 3641. It is doubtless a hardship on defendant that he should be required to pay the debt, but he assumed liability for it when he signed the note. He is but paying the penalty which all men incur when they assume the relation of suretyship for others. The judgment will be

REVERSED.