MATHEWS, administrator, *v.* EVERETT.

The rule that a surety is discharged, when the means of protecting himself are parted with by him in consequence of assurances made to him by the creditor, is applicable to the facts of this case (for which see the official report), and was correctly applied by the court.

February 26, 1890.

Principal and surety. Debtor and creditor. Before Judge FORT. Stewart superior court. October term, 1888.

On April 1, 1887, the administrator of J. A. Mathews, deceased, sued T. D. Hightower as principal, and M. L Everett as security, upon two promissory notes dated March 20, 1882, and due on the next October 1st. ·Everett pleaded then general issue, and the following special pleas:

He signed the notes as surety for Hightower. After the death of plaintiff's intestate, the pecuniary condition of Hightower having become hopeless, plaintiff employed him (Hightower), being a practicing attorney of ability and good standing, to represent him (plaintiff) in lawsuits pending or about to be commenced, as well as to collect debts due plaintiff's intestate; and knowing Hightower's condition, plaintiff agreed with him to allow his earnings as attorney to be credited on the debt now sued on; and Hightower earned in fees and collections a sufficient amount to pay said debt, but plaintiff permitted the same to remain in his hands and [him] to become totally insolvent and to depart from the State without crediting them on the debt. This defendant afterwards had means of defendant [Hightower] in his hands, with which he could have secured himself harmless, but paid them over to defendant [Hightower] believing from the statements of plaintiff that said debt was arranged. He became uneasy about his suretyship and intended to apply his legal remedies, when, upon inquiring of plaintiff concerning the status of the debt, plaintiff advised him to give himself no uneasiness, mentioned the employment of Hightower, and informed defendant that the payment of the debt was arranged that way. Afterwards Hightower became totally insolvent and departed the State. Plaintiff had the means of payment in his hands, and permitted the same to be lost by his own carelessness, and moreover threw this defendant entirely off his guard and made him believe the debt was arranged. Wherefore defendant was damaged and exposed to greater risk. The statements and assurances of plaintiff allayed all disquietude on the part of this defendant concerning his liability on said debt. He gave full faith and credit to his statements; and as a consequence, he had afterwards in his hands property and effects of said principal sufficient to dis-

charge the debt, which he could and would have held, but being wholly thrown off his guard by the assurances of plaintiff, he paid over the same to the principal and permitted him to depart west from the limits of the State. And now plaintiff is legally and equitably estopped from denying that the principal has discharged the debt.

To the special plea the plaintiff demurred generally, and the demurrer was overruled. On trial, after the introduction of the notes by the plaintiff, Everett testified in his own behalf as follows : He saw plaintiff at his house, and he told Everett not to be uneasy about the notes, that he had employed Hightower, who was an attorney, to represent the estate, and that the notes would be paid in that way by the legal services of Hightower. Everett paid no more attention to them and believed they had been paid; and after Hightower left the State, plaintiff called on him to pay them and then wrote to him about it. Hightower left the State clandestinely, and he knew that he was going to leave, and did not tell anybody that when he left, he left some property in his hands, a horse, a bale of cotton and some cattle. He sold these, and after paying what Hightower told him to pay, turned over the balance to Hightower's wife, as he had instructed him. The property in his hands was more than sufficient to pay the claim on which he was security, and he would have applied it in that way but for the statement to him by plaintiff that he would settle with Hightower for the notes with legal services. Hightower was employed and and represented the estate of J. A. Mathews.

The jury found for the defendant; and the plaintiff excepted to the overruling of his demurrer, and to the following instructions contained in the court's charge : "If you believe from the testimony that Mathews, the plaintiff, gave Everett to understand that he had made

arrangements with the principal to do certain legal services in satisfaction of the debt, and he stated to him that he need not give himself further uneasiness thereon, that it would be settled in that way; and if, without giving Everett further notice, Hightower left the State, leaving in Everett's hands sufficient property to pay the Mathews debt, and that Everett applied it to other purposes and uses under the belief that the note that Mathews held against Hightower, upon which he was surety, was settled in the manner stated, that this would be such an act upon the part of the creditor as would discharge Everett, such as would expose him to greater liability, increase his risk; and if Everett acted upon such statement (if such statement was made by Mathews), and suffered loss and injury to the amount of the plaintiff's claim, then Mathews would be estopped, after such injury, from denying that the debt was so settled and arranged, so far as Everett was concerned. If the evidence satisfies you that this state of facts exists, you will find for the defendant."

J. M. Mathews, R. M. Willis and C. J. Thornton, for plaintiff.

No appearance for defendant.

Bleckley, Chief Justice.

Omitting details, the substance of the special plea in its final shape as amended was, that the creditor, by certain representations and assurances relied upon by the surety, induced the latter to forbear the exercise of vigilance for his own protection, and to part with assets which afterwards came to his hands from the principal sufficient to discharge the debt, out of which assets, had the surety not been induced to consider himself as discharged from liability, he could and would have secured himself. The principal being or having become insolvent, and having removed from the State, the surety

would sustain loss, should he be still bound upon the notes. According to the authorities, this defence seems to be available, and we think there was no error either in refusing to strike the plea or in the charge of the court complained of, the charge being in effect that if the plea was established by the evidence, the verdict of the jury should be for the defendant. *High* v. *Cox*, 55 *Ga.* 662; *Whitaker* v. *Kirby*, 54 *Ga.* 277; *Bullard* v. *Ledbetter*, 59 *Ga.* 109; *Harris* v. Brooks, 21 Pick. 195; notes to the same and other cases, 2 Am. L. C. 328, 329. Though a mere assurance to the surety that he is exposed to no further liability for the debt will not protect him from a subsequent change of purpose on the part of the creditor, yet if such assurance has resulted in producing positive injury, it will have that effect to the extent of such injury. This rule was recognized by the court in its charge to the jury, and the charge appears to us to be sound.          *Judgment affirmed.*