JACOB WOLF, Appellant, v. MARY MADDEN, Administratrix, Appellee.

1.   Sureties: RELEASE: EVIDENCE. Where a surety upon a promissory note on behalf of himself and a co-surety called upon the payee in relation to the liability of the sureties on such note, and was told by the payee that he would look to the principal for payment, and never to either of the sureties, *held,* that it was competent to prove such conversation by the testimony of the co-surety to whom the statements of the payee had been communicated by the surety who had conversed with the payee, it appearing from the evidence that the latter surety was acting for both parties.

2.　——: ——: STATUTES. The provisions of sections 2108 and 2109, of the Code of 1873, are not exclusive as to the methods whereby sureties may be released from liability, and have no application where a release is effected by the express agreement of the creditor.

3.　——: ——: DAMAGE. It appearing that at the time of the conversation with the payee above stated that the maker of the note in suit was good for the amount thereof, and that the sureties were refrained because of the assurances of the payee from taking action against the maker, *held*, that the showing of prejudice to the sureties was sufficient to render the above declaration of the payee a valid release.

*Appeal from Van Buren District Court.*—HON. CHARLES D. LEGGETT, Judge.

TUESDAY, FEBRUARY 3, 1891.

THIS is a proceeding in probate by which the plaintiff seeks to establish a claim against the estate of Thomas Madden, deceased. The claim was in the form of a promissory note. The note was signed by one Alcorn, as principal, and by said Thomas Madden and one D. W. Ferguson, as sureties. The defense to the note was that said Madden and Ferguson had been expressly released from any obligation on the note by the plaintiff. There was a trial to the court without a jury, and a judgment against the plaintiff for costs, and he appeals.—*Affirmed.*

*Wherry & Walker*, for appellant.

*Sloan, Work & Brown*, for appellee.

ROTHROCK, J.—I. Counsel for appellant present the case upon the theory that, if there was any release by the plaintiff, it applied to Ferguson only, and not to Madden. There is a direct conflict in the evidence as to the release. Ferguson was a witness on the trial, and testified that he and Madden had a conversation about their liability on the note, and were anxious about it; and that he (Ferguson) went to see Wolf about it for both of the

1. SURETIES: release: evidence.

sureties; that he called upon Wolf, and had a conversation with him, in which Wolf stated that he would never look to him (Ferguson) nor to Madden for the money, and that he would look to Alcorn, the principal; and that Ferguson conveyed that information to Madden. This was after the note became due. Ferguson further testified that, in reliance upon this release, he took no steps to secure himself by giving the written notice provided for by statute.

Objections were made by the appellant to some of the testimony of Ferguson as incompetent. These objections related to the conversations had with Madden. We think the evidence was competent, because it fairly appears that Ferguson was acting for both parties, and the exemption from further liability applied to both of the sureties. It is true that the plaintiff testified that no conversation took place between him and Ferguson; but, as the court found that there was such an arrangement, the finding must stand as the verdict of a jury upon a conflict of evidence, and will not be disturbed by this court.

II. It is further claimed that, even if Wolf said to Ferguson that he would not look to him or Madden for payment, this was not a release. It is that the only method by which the sureties could procure a release. would be by serving a written notice requiring the plaintiff to sue upon the note, or to permit the surety to do so, as provided by sections 2108 and 2109 of the Code. These provisions of the statute are for the benefit of the sureties, and their object is to compel the holder of the note to collect the debt from the principal, or to allow the sureties to do so. The statute has no application where the sureties are released by the express act of the creditor.

2. ———: ———: statutes.

III. It is urged that, even if the promise was made, it did not operate as a release, because it is not shown that the sureties were damaged in any manner by reason of the alleged release. It appears in evidence that Ferguson stated to Wolf that he could collect the note from Alcorn at that time; and,

3. ———: ———: damage.

as we have found that the court was authorized to find that the release was in fact made, it was further warranted in finding that Alcorn was then good for the amount. Ferguson testified that he relied on the release, and was induced thereby to take no steps to compel an action to be brought against Alcorn. These facts operated as a release of the sureties. The release, as is said in *Harris v. Brooks,* 21 Pick. 195, "lulls the party into security, and prevents him from obtaining his indemnity ; and it would be fraud on the part of the holder, after making such assurances to call upon the surety." See, also, *Rowley v. Jewett,* 56 Iowa, 492 ; *Thornburgh v. Madden,* 33 Iowa, 380.

The judgment of the district court is AFFIRMED.