# Fields *v.* Killion.

## *Bill in Equity for Injunction.*

1. *Estoppel; right of purchaser of mortgaged property against mortgagee; equity of bill for injunction.*—Where a mortgagee agrees with the mortgagor and a third party desiring to purchase a portion of the mortgaged premises, that the sale can be made, and further states to the purchaser that said mortgage should never "bother him," and the mortgagor thereupon sells and conveys to said third party the part of the mortgaged premises referred to in the agreement, and the purchase money paid by the purchaser is delivered to the mortgagee, as against said purchaser, the mortgagee is estopped from asserting any right under the mortgage or enforcing the mortgage upon the lands so purchased; and a bill filed by the purchaser to enjoin the prosecution against him of an action of ejectment by the mortgagee who had foreclosed the mortgage on all the property included therein, and had become the purchaser at said sale, and to have the mortgage cancelled as to the lands purchased by the complainant, contains equity.

2. *Chancery pleading and practice; when demurrers properly expunged.*—After demurrers interposed to an original bill have been overruled, and the bill has not been amended, if the defendant, without the leave of the court, incorporates in his answer a second demurrer, upon substantially the same grounds, it is not error for the court to order such second demurrer expunged from the answer.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellee against the appellant. The facts of the case are sufficiently stated in the opinion.

To the bill as filed the defendant demurred, assigning various grounds, directed to the want of equity in the bill. This demurrer was overruled. The bill was not thereafter amended, but the defendant, without leave of the court, incorporated in his answer demurrers to the original

bill upon substantially the same grounds as those of the demurrer previously interposed and which were overruled.

On the final submission of the cause on the pleadings and proof, the chancellor, ordered that the demurrer incorporated in the answer be expunged from the answer, and further decreed that the complainant was entitled to the relief prayed for, and ordered accordingly. From this decree the defendant appeals, and assigns as error the interlocutory decree overruling the demurrer as filed to the original bill, and the expunging from the answer the demurrers subsequently filed, and the final decree granting the relief prayed for.

EMERY C. HALL, for appellant, cited 8 Encyc. of Pleading and Practice, pp. 9, 10; *Ware v. Cowles*, 24 Ala. 446; *Jones v. Cowles*, 26 Ala. 612; *Iron Age Pub. Co. v. W. U. Tel. Co.*, 83 Ala. 498; *Tillis v. Treadwell*, 117 Ala. 445; *Riddle v. Brown*, 20 Ala. 412; *Jenkins v. Lovelace*, 72 Ala. 303; *Hammond v. Winchester*, 82 Ala. 470.

R. T. ROBINETT, *contra.*—According to the averments of the bill and the proof, the promise upon the part of Fields was made to induce Killion to purchase; he did purchase upon the faith of the promise, paid the price agreed upon for the land, and Fields got the purchase price. It would be a fraud upon Killion to allow Fields to make such a promise, receive the benefit thereof, and while holding the fruits of his deception, reach out and take the very land away from Killion which he, by his promise not to bother him, induced Killion to purchase.

This is too unconscionable for a court of equity to permit.—*Terrell vs. Weymouth*, 37 Am. St. Rep. 100 (Fla.); *Faxton v. Faxton*, 28 Mich. 159; *Treesdale v. Ward*, 24 Mich. 117; *Harkness v. Tailmin*, 25 Mich. 81; *Knowls v. Street*, 87 Ala. 360; *Myers v. Byars*, 99 Ala. 484; *Nelson v. Kelley*, 91 Ala. 569; *Hendricks v. Kelley*, 64 Ala. 388; 4 Am. & Eng. Cases in Equity, 304 *et seq.*, note 26; Herman on Estoppel, §§ 913, 934, 935, 962.

HARALSON, J.—The case made by the bill·is, that defendant, Fields, on the 28th September, 1896, sold the land in controversy, with other lands, to.Huddleston and Carr, jointly, and they gave their joint mortgage to ·defendant, to secure the payment of the purchase money. Thereafter, Huddleston and Carr partitioned the land between them, each going into the possession of his allotted share. In November, 1897, the complainant .desired and proposed to purchase from Carr his share of the land. Carr informed him, that. defendant held a joint mortgage on the entire tract from. Huddleston and himself, for the purchase money which was unpaid, and unless he consented, he, Carr, could not sell the lands; that complainant, with Huddleston and Carr, called on defendant, when complainant told him that he desired to purchase the portion of said land claimed by Carr (describing it), if he, defendant, would consent for him to do so, and would release the lands from the mortgage; that defendant then and there agreed with complainant and Huddleston and Carr, for complainant to buy· the land from Carr, and for Huddleston and Carr to convey the same to him, and that his mortgage should never "bother" complainant. Huddleston and Carr, therefore, conveyed the land to complainant, who went into possession of the same, and paid defendant in full therefore. Later, defendant foreclosed his mortgage, under the power contained in it, on the entire tract of land, and becoming the purchaser himself, brought suit in ejectment in the circuit court of Blount county, to recover the lands from complainant, that he had bought from said Carr.

The purpose of the bill is to enjoin defendant from prosecuting his said ejectment suit for said lands so purchased from said Carr by complainant; to have said mortgage on said lands satisfied; that the deed to defendant, on his foreclosure of said mortgage be cancelled as being a cloud upon complainant's title to. the same, etc. The court decided that complainant was entitled to the relief prayed for, and decreed accordingly. The appeal is to reverse that decree.

1. The bill is not one, as contended by the defendant, to enforce the specific performance of a contract, but it

is to enforce an equitable estoppel against the defendant, to prevent his recovering from complainant the lands he induced him to purchase, with the understanding that if he did so he might have the lands, and the mortgage of Huddleston and Carr to him, the defendant, should never "bother" him, the complainant.

The estoppel relied upon is known as an equitable estoppel, or estoppel *in pais*, and the law on the subject is well settled. "The vital principle [says Herman] is that he by his language or conduct induces another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. This remedy is always so applied as to promote the ends of justice."—2 Herman on Estoppel, § 934; *Hendricks v. Kelly*, 64 Ala. 391; *Nelson v. Kelly*, 91 Ala. 569; *McCreary v. Remson*, 19 Ala. 430; 7 Am. & Eng. Ency. Law, 18; 4 Am. & Eng. Dec. in Equity, 258. There are frequent illustrations of the principle to be found in the books, as "when a judgment creditor represents that his judgment will not be enforced against the debtor's land, he cannot enforce it (*Moore v. Trimmier*, 32 S. C. 515) ; when the execution defendant tells an intending purchaser that he will not exercise his right of redemption; neither he, nor his assignor with notice, will be permitted to exercise it (*Southard v. Sutton*, 68 Me. 575) ; when the purchaser tells the execution defendant that the statutory time of redemption will not be insisted upon, and defendant, relying upon that promise, fails to redeem within the time, the purchaser cannot prevent his redeeming subsequently (*Schroeder v. Young*, 161 U. S. 334) ; when the creditor promises a surety that he will look to the principal alone, and the surety, relying on that promise, takes no steps to secure himself, the creditor cannot proceed against him (*Wolf v. Madden*, 82 Iowa, 114)," and the like.—4 Am. & Eng. Dec. in Eq. 302.

2. In the case before us, the allegations of the bill were proved by a preponderance of the evidence, though it was conflicting in some of its parts . It is unnecessary

[Truitt v. Crook.]

to review the evidence. The chancery court very properly decided, as it seems to us, in favor of complainant, and granted the relief sought.

We discover no error in overruling the original demurrer to the bill; and the bill not having been amended, there was no error in the rejection of the second demurrer incorporated in the answer and filed without the leave of the court.

Affirmed.