AMERICAN SURETY CO. OF NEW YORK v. BALLMAN et al.

(Circuit Court of Appeals, Eighth Circuit.    April 14, 1902.)

No. 1,598.

**1.** PRINCIPAL AND SURETY—BOND—JUDGMENT—ESTOPPEL OF SURETY.

Where a surety company was given a bond to indemnify it against liability as surety on other bonds, and, an action having been brought against such company, it notified the indemnitors to appear and defend, but, instead, it was agreed that such indemnitors should employ counsel to assist the company in the defense of the suit, and that, if necessary, the case should be prosecuted on appeal, which was done, and on the day the case was set for trial in the appellate court the company paid the judgment rendered against it, without the indemnitors' consent, it was thereby estopped from claiming any benefit against such indemnitors by virtue of the judgment.

**2.** SAME—DISCHARGE OF SURETIES.

The payment of a judgment by the surety company without the indemnitors' consent discharged such indemnitors from liability.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

This action was brought by the American Surety Company of New York, the plaintiff in error, against Henry W. Ballman and Joseph Durfee, the defendants in error, on an indemnity bond. The defense presented by the answer, and upon which the cause was decided, sets forth that the bond in question was given by defendants to indemnify the American Surety Company for loss by reason of having signed, as surety of Tromanhauser Bros., a certain other bond to the Burlington Elevator Company, for $50,000; that, when suit was brought by the Burlington Elevator Company on the bond against the American Surety Company, the latter gave notice to defendants, as indemnitors, to come in and defend the action, and it was then agreed between the parties that the indemnitors, instead of coming in and defending the action themselves, should employ counsel at their own expense who should co-operate with the counsel of the surety company in defending the action, and, further, that the surety company, with the co-operation and assistance of defendants, through their counsel, would, if necessary to the maintenance of the defense, sue out a writ of error and obtain the judgment of the appellate court; that defendants, the indemnitors, in good faith performed their part of the agreement, and expended a large sum of money in payment of counsel employed to assist in the defense of the cause; that an adverse judgment was rendered, which was deemed erroneous, and thereupon, in accordance with the understanding between the parties, a writ of error was sued out, a transcript of the record filed in the appellate court, and likewise briefs and abstracts, so that the cause was ready to be argued and submitted; that upon the morning of the day the cause was set for hearing the surety company paid to the Burlington Elevator Company the full amount of the judgment, with interest and costs, and dismissed the writ of error; that this was done without the consent and despite the protest of indemnitors' counsel, who, under the agreement, were present in court for the purpose of arguing the cause; that the course thus pursued by the surety company was not in good faith to defendants, but was adopted for its own advantage, and with the assurance that it would thereby conciliate the Burlington Elevator Company, and thus secure the influence of that company and its business associates, which would ultimately result in a profit to the surety company greater than the loss resulting from the payment of the judgment. By virtue of the premises, the defendants claimed that they were released and discharged from all liability as indemnitors. A jury was duly waived, and the case tried before the court, which made the following special findings of fact:

"The court finds the facts to be that upon giving the notice by plaintiff to defendants as stated in the amended petition, and answer thereto, the defendants, by counsel employed by them, forthwith proceeded, in conjunction with the plaintiff, to defend the suit referred to in the notice; that from and after the giving of the notice, and until the day the plaintiff dismissed the writ of error as stated in the pleadings, the plaintiff so treated the defendants as to reasonably cause them to believe that they might make any defense desired by them in plaintiff's name in the trial court, and might thereafter prosecute in plaintiff's name a writ of error to the circuit court of appeals in case of defeat in the trial court; that, acting and relying on the notice and conduct of plaintiffs as just stated, the defendants employed counsel, expended time and money, and incurred large obligations for legal services in defending the suit in the trial court, in preparing for and suing out a writ of error, and subsequently in preparing for argument of the case in the circuit court of appeals; that all this work was done, this money expended, these obligations incurred, and these acts done by the defendants in good faith, believing there was a valid defense to the action, and for the purpose of exonerating themselves from liability by reason of the bond sued on; that on the day the case was set for hearing in the court of appeals the plaintiff, without the knowledge or consent of the defendants, paid the judgment rendered by the trial court, together with interest and costs, and dismissed its writ of error.

"In my opinion, on the foregoing facts, judgment should be entered in favor of the defendants."

The opinion of the circuit court in the case is reported in 104 Fed. 634.

David Goldsmith and Eben Richards (John D. Johnson, on the brief), for plaintiff in error.

Clinton Rowell and Joseph S. Laurie (Joseph H. Zumbalen, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Do the facts found estop the plaintiff from recovering on the defendants' bond?

The first contention of the learned counsel for the plaintiff in error is that while the facts found may constitute a contract, with the usual consequences of a contract, they cannot operate by way of estoppel, because the agreement and representations of the plaintiff relied on for that purpose related to matters of intention with respect to future conduct, and not to a present or past state of things. While the representations that will constitute an estoppel generally have relation to a present or past state of things, the rule is not inflexible. In Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618, the supreme court says, "This remedy is always so applied as to promote the ends of justice;" and it was applied in that case upon representations relating solely to matters of intention with respect to future conduct. And see, to the same effect, Holland v. Drake, 29 Ohio St. 441; Preston v. Mann, 25 Conn. 118; Southard v. Sutton, 68 Me. 575; Shields v. Smith, 37 Ark. 47; Halliday v. Stuart, 151 U. S. 229, 14 Sup. Ct. 302, 38 L. Ed. 141; Insurance Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674. In the case last cited, the court say:

"The doctrine of estoppel is applied with respect to the representations of a party, to prevent their operating as a fraud upon one who has been

led to rely upon them. They would have that effect if a party, who by his statements as to matters of fact, or as to his intended abandonment or existing rights, had designedly induced another to change his conduct or alter his condition upon reliance upon them, could be permitted to deny the truth of his statements or enforce his rights, against his declared intention to abandon them."

When the plaintiff notified the defendants to come in and defend the suits brought by the Burlington Elevator Company against the plaintiff, the defendants had the right to appear and defend the action in the court of original jurisdiction, and, if beaten there, to prosecute a writ of error to the circuit court of appeals in the name of the plaintiff, holding the plaintiff harmless from the costs and expenses incident to such proceedings. The defendants were prevented from pursuing this course by the agreement of the plaintiff that the defendants, instead of coming in and defending the action themselves, should employ counsel at their own expense who should co-operate with the counsel of the plaintiff in defending the action, and that, if beaten in the trial court, the plaintiff, with the co-operation and assistance of the defendants, through their counsel, would sue out a writ of error, and obtain the judgment of the appellate court. The defendants, at heavy expense, performed their part of this agreement. An adverse judgment was rendered by the trial court, which was deemed erroneous, and thereupon, in accordance with the understanding between the parties, a writ of error was sued out in good faith, and a transcript of the record filed in the appellate court, and briefs of defendants' counsel, so that the cause was ready to be argued and submitted on its merits, when the plaintiff, without the knowledge or consent of the defendants, dismissed the writ of error, and paid to the Burlington Elevator Company the full amount of the judgment against it. Even though the plaintiff had not formally dismissed the writ of error, its payment of the judgment appealed from necessarily worked that result, and terminated the defendants' right to prosecute a writ of error to final judgment in the court of appeals. In view of the agreement of the parties, this action on the part of the plaintiff clearly estops it from now asserting any claim against the defendants based on the judgment of the Burlington Elevator Company against it. Under the facts found by the circuit court, the payment of that judgment by the plaintiff was a waiver of any claim against the defendants based on it.

A further contention of the plaintiff in error is that, if the facts raise an estoppel, it extends no further than to merely destroy the conclusiveness as against the defendants of the judgment obtained by the Burlington Elevator Company against the plaintiff. Since the plaintiff by its notice compelled the defendants to either defend the former action, or to be bound by the judgment, and they did defend it in good faith and at great expense, until their right to do so was cut off by the wrongful act of the plaintiff, the plaintiff cannot compel them to incur the same expense to make the same defense which it called upon them to make in the former action. That would have the effect of permitting it to litigate again the question of its liability on the primary bond in this suit. It cannot play fast and loose with sureties

in that way.  By compelling them to defend the former action, and then depriving them of the benefit of a full defense, it deprived itself of the right to pursue these sureties, and discharged them from liability.  Stark v. Fuller, 42 Pa. 320.  The case of Boyle v. Edwards, 114 Mass. 373, is not in point, because the sureties in that case were not vouched in to defend, but volunteered to do so.

The judgment of the circuit court is affirmed.