## 6702. Smith v. Morris Fertilizer Company.

Wade, J. 1. At any time after the debt on which he is liable becomes due, a surety, guarantor, or indorser may give notice in writing to the creditor, to his agent, or to the person having the possession or control of the obligation, to proceed to collect it out of the principal, and should the creditor or holder refuse or fail to commence an action for the space of three months after such notice, if the principal is within the jurisdiction of this State, the surety, guarantor, or indorser giving the notice, as well as all subsequent indorsers and all cosureties, will be discharged. Civil Code, § 3546. "No notice shall be considered a compliance with the requirements of this section which does not state the county of the principal's residence." Id.

(a) Neither of the two letters relied upon by the defendant as constituting the notice referred to in this section of the code complies with the mandatory requirement that the county of the principal's residence shall be stated. Furthermore, one of the letters was mailed to the plaintiff before the maturity of the debt, and contained merely the expression of a desire on the part of the indorser that the plaintiff would collect the obligation when it became due, and the other letter suggested the advisability of bringing suit and expressed a doubt whether the plaintiff could make the money later if suit should be delayed, but gave no notice to the creditor "to proceed to collect the same out of the principal." The court therefore did not err in excluding these letters.

2. There was no pleading to authorize the parol testimony, repelled by the court, to the effect that the indorser "made an oral demand on the officers of the Morris Fertilizer Company to sue on this particular note while the principal was solvent, and that demand was followed by a promise on the part of the plaintiff to do so and it failed to do so."

3. It does not appear that the indorser parted with the means of protecting himself in consequence of any assurances made to him by the creditor (*Matthews* v. *Everett*, 84 *Ga.* 476, 11 S. E. 135; *Bullard* v. *Ledbetter*, 59 *Ga.* 109), and the record discloses nothing that would amount to an estoppel as against the plaintiff or would relieve the indorser from the necessity of complying with the strict provisions of section 3546, supra. Besides, the parol testimony repelled by the court would not have shown when the alleged oral notice to sue was given by the indorser,—whether before or after maturity of the debt,—or precisely to whom such notice was given. The court therefore did not err in excluding this testimony.

4. The court did not err in directing the verdict for the plaintiff.

*Judgment affirmed.*

DECIDED JUNE 1, 1916.

Complaint; from city court of Hall county—Judge Wheeler. May 19, 1915.

*W. M. Johnson,* for plaintiff in error.   *L. G. Fortson,* contra.