### 13494.  SMITH *v.* STEVENS.

STEPHENS, J.  1.  A provision in a contract of sale whereby the purchaser agrees to forfeit any right to insist upon a breach of warranty unless he gives the seller written notice of such breach within a certain number of days, is for the seller's benefit, and the seller may waive such notice. Where the seller, within the period allowed the purchaser to give such written notice, has actual knowledge of facts which might amount to a breach of the warranty, and takes back part of the property sold, the other part having been destroyed, all of which has been partially paid for, and destroys the contract, which is in writing, such conduct may amount to a waiver by the seller of his right to insist upon the purchaser giving the required notice as a condition precedent to the purchaser's right to recover for a breach of the warranty.

2.  Where the seller afterwards enters into another contract with the purchaser, by the terms of which similar property is sold, and no reference is made therein respecting the first transaction, the second contract does not as a matter of law change the status of the parties as respects the rights between them arising out of the first contract.

3.  In a suit by the purchaser against the seller, to recover the amount paid under the first contract, upon the ground that there has been a breach of warranty by the seller, where the evidence authorizes the inference that the seller has committed such a breach, and has waived his right

to the written notice required by the contract, and there is no evidence demanding the inference that by the execution of the second contract the parties undertook to settle all prior differences between them, the plaintiff's right to recover is not barred as a matter of law by his failure to give the seller the required notice in writing. It was therefore error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
DECIDED FEBRUARY 8, 1923.

Action for breach of warranty; from city court of Americus — Judge Harper. January 19, 1922.

*R. L. Maynard,* for plaintiff. *Wallis & Fort,* for defendant.