23943. GETTIS *v.* GORMLEY, superintendent of banks.

GUERRY, J. The Civil Code (1910), § 3546, provides: "Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, or his agent, or any person having possession or control of the obligation, to proceed to collect the same out of the principal, or any one of the several principals liable therefor; and if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State), the indorser, guarantor, or surety giving the notice, as well as all subsequent indorsers and all cosureties, shall be discharged. No notice shall be considered a compliance with the requirements of this section which does not state the county of the principal's residence;" and while it has been held that oral notice, or written notice that does not state the county of the principal's residence, is not a sufficient compliance with the above section (*Johnson* v. *Longley*, 142 *Ga.* 814, 83 S. E. 952; *Timmons* v. *Butler*, 138 *Ga.* 69, 74 S. E. 784; *Smith* v. *Morris Fertilizer Co.*, 18 *Ga. App.* 217, 89 S. E. 174; *Seckinger* v. *Exchange Bank of Springfield*, 38 *Ga. App.* 667, 145 S. E. 94; *Bowen* v. *Mobley*, 40 *Ga. App.* 833, 151 S. E. 667),

yet where oral notice is given by a surety on a note to the creditor to sue on the same, and the creditor agrees to sue and in pursuance to such notice and agreement does actually enter suit, the creditor thereby treats such notice as sufficient and waives the requirements of the above section, and the surety acquires a right and interest in the suit; and where the suit is dismissed without the permission of the surety, the creditor must bring another suit within three months from the date of the original notice and executed agreement to sue, and failure to do so will discharge the surety. See, in this connection, *Bank of St. Marys* v. *Mumford*, 6 *Ga.* 44; Civil Code (1910), § 10; *Carter* v. *Southern Ry. Co.*, 3 *Ga. App.* 34 (59 S. E. 209); *Scott* v. *Patrick*, 44 *Ga.* 188; *Pittman* v. *Elder*, 76 *Ga.* 371; *Harper* v. *Commissioners of County of Pike*, 52 *Ga.* 660; *Hill* v. *Western Union Tel. Co.*, 85 *Ga.* 425 (11 S. E. 874, 21 Am. St. R. 166); *Smith* v. *Stevens*, 29 *Ga. App.* 445 (116 S. E. 36). The plea of the defendant in this case, setting up the above facts and alleging that the second suit was not filed within three months from the date of the original notice and agreement to sue, was meritorious, and it was error for the trial court to strike the same.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JULY 11, 1934.

*G. Fred Kelley,* for plaintiff in error.

*C. H. Edwards, A. H. Henderson, J. W. H. Underwood, Wheeler & Kenyon,* contra.