# Richards *v.* Shepherd.

*Detinue.*

(Decided April 20, 1909. 49 South. 251.)

1. *Estoppel; General Estoppel; Nature; Disclaimer.*—Where one, by his statements as to matters of fact, or as to his intended abandonment of existing rights, designedly induces another to change his conduct, or alter his condition in reliance thereon, he is estopped from denying the truth of his statement or from enforcing his right against his declared intention of abandonment.

2. *Same; Acts Constituting.*—Where iron railing for use in a building had been delivered to the contractor, and the contractor abandoned the work after the delivery of the railing, and while indebted to the seller for them, and the cost of the railing had been included in an estimate of materials furnished and paid by the owner to the seller, and charged to the contractor's account with the seller's consent, and the seller subsequently took the railings from the premises of the owner with the distinct understanding that they were to be returned and put on the building, the owner of the premises having claimed the railing as his property, the seller was estopped from denying the owner's right of possession, and from asserting his own right.

3. *Principal and Agent; Authority of Agent.*—Where the evidence tended to show that the seller of materials to a contractor sought to remove the same from the owner's premises, but the owner claimed the property and refused to permit the removal unless they were to be returned, and subsequently in a telephone conversation between the owner and the foreman of the seller, the foreman promised to repair the material, return them and put them on the building, the jury were authorized to find that the forman had the authority to act for the seller, especially where the seller subsequently acknowledged the foreman's authority. ·

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Detinue by Everett Shepherd against Joseph Richards, doing business as the Richards Iron Works, for certain iron railings. Judgment for plaintiff and defendant appeals. Affirmed.

GREGG & BURROW, for appellant. Under the evidence in this case, plaintiff was not entitled to recover in detinue.—*Reese v. Harris,* 27 Ala. 301; *Seals v. Edmundon,*

73 Ala. 295.. Under the facts in this case, the defendant could show title in a third person to defeat recovery without connecting himself therewith.—*Foster v. Chamberlain & Co.,* 41 Ala. 158; *Miller v. Jones,* 26 Ala. 247; s. c. 29 Ala. 174; *McCurry v. Hooper,* 12 Ala. 828. On these authorities, the court erred in giving charges 4 and 5. The court erred in refusing to give charges 4, 8 and 9 requested by the defendant.—*McFadden Bros. v. Henderson,* 128 Ala. 231; *Foley v. Felrath,* 98 Ala. 176; 24 A. & E. Ency of Law, 1049; 11 N. Y. 35; 99 Mass. 397; 81 Pa. St. 18; 106 U. S. 505.

C. B. POWELL, for appellee. The property was delivered to Shepherd and he paid for it, so Carson never had the title and Richards did not retain title.—*Morningstar v. Patton,* 21 Ala. 437; *L. & N. R. R. Co. v. Walker,* 30 South. 738; *Shows v. Brantley,* 28 South. 716. The plaintiff under all the evidence is entitled to the affirmative charge, and if error was committed it was without injury.—*Mizell v. Southern Ry. Co.,* 132 Ala. 504; *L. & N. v. York,* 30 South. 676.

SAYRE, J.—This was a statutory action of detinue for the recovery of two iron balcony railings. The facts, which were proven without dispute, may be fairly epitomized as follows: Plaintiff (appellee) contracted with one Carson for the addition of an upper story to his storehouse. Carson was to furnish the materials and do the work at a fixed price. The defendant agreed with Carson to furnish the iron work, including four balcony rails, of which those sued for were two. The railings were delivered upon the sidewalk adjacent to the storehouse. Carson subsequently abandoned the uncompleted work while indebted to the defendant, and it was completed by the plaintiff. There had been a controver-

sy between Carson and defendant as to whether the defendant had agreed to attach the railings to the building. The cost of the railings had been included in an estimate of materials furnished, which plaintiff had paid to defendant, and had been charged to Carson's account with Carson's consent. Defendant afterwards agreed with plaintiff to put the railings in place on the building for a compensation of $5 each, to be paid by plaintiff, and did so put two of them. The two in suit had become bent or wraped while lying upon the sidewalk. The defendant sent a man and wagon for the bent railings. Plaintiff met the man on the sidewalk, and objected to their removal on the ground that they were his property, and informed the man that he could not have them without an understanding that they were to be straightened, returned, and put in place. Thereupon a conversation by telephone ensued between plaintiff and the foreman at defendant's shop, in which plaintiff reiterated his claim and purpose. The foreman answered that defendant had instructed him to send for the railings, repair them, return them, and put them on the house. Plaintiff demanded a distinct understanding that the rails were to be returned and put up. The foreman agreed. Subsequently defendant admitted to plaintiff that he had gotten the railings on a promise to return them, and that he had to do so in order to get possession of them, and that they were still in his possession.

"An estoppel is where a man is concluded by his own act or acceptance to say the truth."—*Edmondson v. Montague*, 14 Ala. 370. Where a party, by his statements as to matters of fact or as to his intended abandonment of existing rights, designedly induces another to change his conduct or alter his condition in reliance upon them, he cannot be permitted to deny the truth of his statements, or enforce his rights against his declared inten-

tion of abandonment.—*Insurance Co. v. Mowry*, 96 U. S. 544, 24 L. Ed. 674. The delivery of the railings had vested title in Carson. It may be conceded that the title remained in him so that the result of the suit depended upon a bare first possession. But plaintiff's claim to the property was equal in dignity and legal sanction to the defendant's. Plaintiff was in a position to dispute the possession on terms of equality, to say the least. When the defendant induced plaintiff to surrender his asserted right of possession on a promise to return the railings, so that plaintiff placed himself in a position distinctly less advantageous to his claim of right in the property, he was, on the principle announced, thereafter estopped to deny plaintiff's right of possession or to assert his own.

The objection to the conversation over the telephone was not well taken as for any lack of authority of the foreman to speak for the defendant. The bill of exceptions shows that he was the foreman of the defendant's shop, and the jury from that might well infer his authority. Moreover, the defendant subsequently acknowledged the foreman's authority to promise, when he admitted that he had gotten the railings on the promise; the foreman along having voiced the promise.

The court might well have given the general affirmative charge for the plaintiff. The other charge need not, therefore, be considered.

Affirmed.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.