# Bender *v.* Barton.

## *Assumpsit.*

### (Decided May 15, 1913.   62 South. 732.)

1. *Evidence; Description of Land; Parol.*—Where defendant contracted in writing to sell plaintiff "my 5-acre tract of land at Arlington Station, Gate City car line," plaintiff could show that defendant resided in Jefferson county, Alabama, that he owned at Arlington Station on the Gate City car line, in that county, one particular 5-acre tract of land on the day he made the contract, and no other, and that at the time the contract was made defendant delivered to plaintiff a deed by which the land had been conveyed to defendant, describing the 5-acres of land as situated at Arlington Station, Gate City car line, which was the only 5 acres of land in one body which defendant owned on said day at said point, as the description was not so defective as to render the contract unenforceable, and such evidence was admissible to identify the land described.

2. *Estoppel; In Pais; Deeds; Non-Delivery.*—Where a defendant contracted to sell plaintiff certain land, received $100 on the face of the contract, and delivered to plaintiff an unrecorded deed by which the fee simple title had been conveyed to defendant for the purpose of showing that his title was good, and that he had a right to convey, the defendant was estopped thereafter to claim that such deed was void because it had never been delivered to him by his vendor.

3. *Vendor and Purchaser; Contract; Breach; Construction.*—A clause in a contract for the sale of real estate that if the title was found bad, the earnest money was to be returned to the purchaser, had no reference to a title rendered bad by the wrongful and fraudulent acts of the vendor in recovering the deed from the probate office before it had been recorded, but after it had been deposited there for record by his vendee, thus preventing the recording thereof and claiming that the deed had never been delivered.

4. *Same; Damages.*—When a vendor breaches a contract for the sale of land, the vendee may recover all the damages which he has suffered as the natural and proximate result of the breach, and which may reasonably be supposed to be within the contemplation of the parties as a probable result thereof at the time the contract was made.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Fred J. Bender against George W. Barton, Jr., for breach of contract in the sale of land. Judgment for defendant and plaintiff appeals. Reversed and remanded.

[Bender v. Barton.]

Arthur L. Brown, for appellant. The court erred in sustaining demurrers to counts 1, 2, B, and C, of the complaint.—Secs. 3468-9, Code 1907, and authorities there cited. The description was not so uncertain that it could not be rendered certain by evidence aliunde.— *Homan v. Stewart,* 103 Ala. 644.

Joe C. Hail, and Jim Barton, for appellee. The contract to convey is void for uncertainty in description.—*Meyers Bros. v. Mitchell,* 75 Ala. 475. The presumption does not arise that the land was even located in Jefferson County.—*Homan v. Stewart,* 103 Ala. 644. Parol evidence is not admissible to make it certain.— *Thompson v. Gordon,* 72 Ala. 455; 61 S. E. 319; 132 Am. St. Rep. 811; 196 ass. 395.

De GRAFFENRIED, J.—Fred J. Bender brought this suit against George W. Barton, Jr., for damages for a breach, by Barton, Jr., of the following contract: "I have sold my five-acre tract of land at Arlington Station, Gate City car line, to Fred J. Bender, consideration fifteen ($1500.00), $100.00 cash, balance $20.00 per month, six per cent. interest with privilege of paying notes on or before. I am to furnish abstract and warranty deed to same. If abstract is clear and good, deed to be made, and if not clear and title is bad, said $100.00 is to be refunded to Fred J. Bender. This $100.00 is to go on part payment. I do this with my own free will, this 4/10/09. G. W. Barton, Jr." When the above agreement was executed, G. W. Barton, Jr., delivered it along with a conveyance from G. W. Barton and wife, Hulda Barton, to said G. W. Barton, Jr., to a certain five-acre tract of land, accurately described by government numbers, which was situated in Jefferson county, Ala., to the said Fred J. Bender, and at the

same time the said Bender paid to said Barton, Jr., the sum of $100 in cash as a part of the purchase money.

The trial court was evidently of the opinion that the above-quoted contract was void because of the uncertainty of the description of the land contained in it. We call attention to the fact that the land is described as *"my five-acre* tract of land at Arlington Station, Gate City car line."  The use of the words *"my five-acre* tract"* excludes the idea that the tract of land was a part of a larger tract, and renders it reasonably apparent that Barton, Jr., owned *no other* five-acre tract of land at "Arlington Station, Gate City car line."  If he had owned two or more separate five-acre tracts at that point, he would not have said "my five-acre tract," but *"one of my five-acre tracts."*  The quoted expression is also, in effect, a representation on the part of Barton, Jr., that he was on the day the contract was made in possession of the *particular five-acre tract* of land at "Arlington Station, Gate City car line," which he was contracting to sell to Bender on the terms named in the contract.  If he owned the land, then, presumptively, he was actually or constructively in possession of it.

The contract does not say in what county or state the lands are situated, but it does say that it was at "Arlington Station, Gate City car line."  It may be that at other points in the United States there are other places answering to the description "Arlington Station, Gate City car line," but there is one place and only one place in Jefferson county, Ala., answering to that description, and we are of the opinion that in this case it is entirely competent for the plaintiff to show that the defendant Barton, Jr., resided in Jefferson county, Ala., and that he owned at "Arlington Station, Gate City car line," in Jefferson county, Ala., a *particular*

*five-acre tract of land* on the day he made the above contract, and that on said day he owned no other five-acre tract of land at said point. We are also of the opinion that it was perfectly competent for the plaintiff to show by oral testimony that at the time the above contract was made the said Barton, Jr., delivered to the plaintiff the above-mentioned deed to Barton, Jr., from G. W. Barton and wife, Hulda Barton, provided the five acres of land described in the deed are situated at "Arlington Station, Gate City car line," and are the only five acres of land in one body which Barton, Jr., owned on said day at said point.

As we understand this case, "my five-acre tract of land at Arlington Station, Gate City car line," was in the actual occupancy or possession of no one. This deed, which had not been recorded, purported to convey an absolute unconditional fee-simple title to the lands described in it to Barton, Jr., and, as the land described in it was unoccupied land, it purported to give to Barton, Jr., constructive possession of the lands which are described in it. The plaintiff claims that the defendant Barton, Jr., who it is claimed owned no other five-acre tract of land at said point, pointed out to plaintiff the particular five acres described in the deed from G. W. Barton and wife, Hulda Barton, to Barton, Jr.; that it is situated at "Arlington Station, Gate City car line," in Jefferson county; that Barton represented to him that the deed was regular in all respects and had been regularly delivered to him, and that, if this was true, then Barton, Jr., had a perfect, unbroken chain of title to the said five-acre tract of land. Barton, Jr., having led the plaintiff into making the quoted contract, and, having received from the plaintiff $100 on the faith of it, is estopped from denying in this action, if the plaintiff's contentions are true, that the said deed

had not, in fact, been delivered to him by the grantors

We understand the plaintiff's contentions to be that when Barton, Jr., delivered the deed to him, it was with the understanding that the deed was Barton, Jr.'s, property, that it was delivered to the plaintiff in order that the plaintiff might have it recorded, and that he was not only to use it in having an abstract made of the title to the land and in preparing the conveyance which Barton, Jr., was to make the plaintiff, but that on the completion of the contract said deed was to become a muniment of plaintiff's title to the property.

The plaintiff claims that he took the said deed to the probate office, according to the above agreement, filed it for record, and had an abstract made of the title. The title, according to the plaintiff, was, so far as the abstract showed, perfect in Barton, Jr., but the plaintiff claims that after he had filed the deed for record as above stated Barton, Jr., went to the probate office, before the deed had been recorded, and without the knowledge or consent of the plaintiff took it from the probate office and stated, when the plaintiff went to him to close the trade, that G. W. Barton and his wife, Hulda Barton, had never delivered to him, said Barton, Jr., the said deed, but that he, Barton, Jr., had wrongfully obtained possession of said deed, and therefore could not carry out his part of the contract. If the plaintiff's contentions are true, Barton, Jr., cannot set up his own wrong, and thus show his lack of title, for the purpose of defeating plaintiff's claim to the damages which legally resulted to him by reason of the defendant's failure to execute the deed under the terms of the quoted contract. Barton, Jr., in this suit, cannot set up that he had wrongfully obtained possession of the deed—that it had never been delivered to him—if he, in fact, led the plaintiff into the contract upon the faith

that the deed was what it purported to be, viz., a valid conveyance.

The clause in the contract that, if the "title is bad, said $100 is to be refunded to Fred J. Bender," had no reference to a title rendered bad by the wrongful and fraudulent act of Barton, Jr. We have not deemed it necessary in this opinion to furnish our reasons for holding that the description of the land as set up in the quoted contract does not render the contract void for uncertainty. Those reasons were reduced to writing 'for this court by the hands of a master more than 30 years ago, and are to be found, in the language of the late Chief Justice Stone, in the case of *Chambers v. Ringstaff,* 69 Ala. 140.

If the plaintiff's contentions are true, Barton, Jr., has breached the above-quoted contract, and is liable, under count C of the complaint, to the plaintiff, for all the damages which the plaintiff has suffered as the natural and proximate result of the breach of the same, and which may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made as a probable result of the breach. In many ways the rulings of the trial court were in conflict with the views above expressed.

The judgment of the court below is reversed, and the cause is remanded to the court below for further proceedings in accordance with this opinion.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.