## Stamps v. Boon, et al.

### Bill to Enjoin Trespass.

(Decided December 18, 1913. 63 South. 1019.)

*Estoppel; Representations; Ownership of Property; Compensation.*—The facts examined and it is held that as complainant induced respondents to pay the money to his brother on the supposition that he was authorized to receive it for both, complainant was estopped to deny such authority and to object to the use of the land on the ground that his property had not been lawfully taken for such purposes.

APPEAL from Fayette Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by C. C. Stamps against W. P. Boon, and others as Road Commissioner, to enjoin trespass to land by maintaining a road thereon. Decree for respondents and complainant appeals. Affirmed.

J. M. HILLMAN, and GUNN & POWELL, for appellant. The court erred in refusing to grant the injunction requested.—Sec. 23, Constitution 1901; 68 Ala. 48; 72 Ala. 443; 80 Ala. 489; 92 Ala. 331; 119 Ala. 129. Unless compensation is made the owner has the right to enjoin the proceeding.—75 Ala. 280; 119 Ala. 129; 123 Ala. 145.

[Stamps v. Boon, et al.]

RAY & COONER, for appellee. Under the facts in this case complainant was estopped to deny the authority of his brother to receive the compensation although his brother never accounted to him.—*Town of New Decatur v. Sharfenburg,* 147 Ala. 363.

DE GRAFFENRIED, J.—This bill was filed for the purpose of enjoining the appellees from trespassing upon the appellant's land. The bill alleges that the road commission of Fayette county has laid out, opened up, and constructed a public road across the lands of the complainant, without first condemning a right of way across the said lands, and "without paying him for the same, or in any wise compensating him for the injuries and damage done."

The road commission, on the other hand, claims, in the first place, that the county of Fayette paid the complainant for the land which was taken from him for said road. The said commission claims, in the second place, that the complainant, when the road was laid out across his land, pointed out the land where he desired the road located, assisted in its location, and was present when the road was actually built, and made no objection thereto. The commission further claims that for several months after the road was located as stated the complainant acquiesced in its use by the public, but that two or three months after the location of the road the complainant began to obstruct the road at the points where it crossed his land, and in other ways to manifest his purpose to prohibit the public from using said road.

The cause was submitted to the chancellor for decree upon the bill and the answer, and upon the affidavits of certain parties who show that they were acquainted with the facts.

There seems to be no doubt about the proposition that, when the road was surveyed, laid out, and constructed, the land not only belonged to the complainant, but he was also in the actual possession of it. In fact, the road was laid out and constructed at a point on complainant's land near his residence, and was constructed through land which was being cultivated by him.

It seem that J. T. Stamps and C. C. Stamps are brothers; that J. T. Stamps owns the E. ½ of the N. E. ¼ of the N. W. ¼ of section 28, and that C. C. Stamps owns the W. ½ of the N. E. ¼ of the N. W. ¼ of section 28; and that each brother resides upon his said 20-acre tract. The road in controversy was laid out and constructed across this 40-acre tract, the western half of which, as already stated, belonged to C. C. Stamps, and the eastern half to said J. T. Stamps.

The respondent established beyond controversy that the road commission made a contract with J. T. Stamps whereby he was to receive $75 for a right of way over "a certain forty acres of land on his farm in Fayette county, Alabama," and we are satisfied that the 40 acres referred to is the N. E. ¼ of the N. W. ¼ of section 28; but, as already stated, C. C. Stamps, at that time, owned and was residing upon the western half of said 40 acres. We are also satisfied that the road commission, acting under instructions from J. T. Stamps, handed that $75 to R. F. Peters, an attorney, and that, when it was so left with said Peters, it was "for a right of way over the lands of C. C. Stamps and J. T. Stamps." We are also satisfied that Peters paid this money to said J. T. Stamps, and that J. T. Stamps received it as the money of himself and said C. C. Stamps. J. T. Stamps swears that he received the money; but he denies that he represented his brother in the

transaction, and denies that he ever gave his brother, C. C. Stamps, any part of said money. In this statement J. T. Stamps is corroborated by his brother, C. C. Stamps.

We think, however, that, when the road was laid out across the land of C. C. Stamps, the said C. C. Stamps knew all about it, and that he raised no objection to its being so laid. We also think that, when the road was constructed, the said C. C. Stamps knew all about it, and that he raised no objection to such construction. In other words, we think that, while there was a conflict in the affidavits on the subject, C. C. Stamps certainly sat idly by and permitted the road to be constructed across his land without protest, and that he actually participated in laying the road out.

From this circumstance the chancellor might well have concluded that J. T. Stamps, when he made the agreement that the road should be constructed across the said 40 acres, represented not only himself but also his brother, C. C. Stamps, and that he had, in fact, received the money from Peters, the attorney, on behalf of himself and of his brother, C. C. Stamps.

However this may have been, the rule seems to be well settled that, "if a man, by either words or conduct, has intimated that he assents to an act which has been done, and that he will not offer opposition to it, although it could not have been lawfully done without his consent, and he thereby induces another to do that from which the latter otherwise might have abstained, he cannot question the legality of the act he has so sanctioned to the prejudice of those who have given faith to his words or to the fair inferences to be drawn from his conduct."—*Town of New Decatur v. Scharfenberg,* 147 Ala. 367, 41 South. 119 Am. St. Rep. 81.

[Citronelle Turpentine Co. v. Buhlig.]

The road in question is a public road. It was laid out and constructed by the road commission of Fayette county for the public benefit. The map introduced in evidence shows that it runs within a few feet of the residence of C. C. Stamps, and, while there is some dispute among those who made the affidavits, we think that the evidence shows facts which bring this case within the above well-known rule which we have quoted from *Town of New Decatur v. Scharfenberg, supra.* The decree of the court below is therefore affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.