(107 So. 84)

**CALERA DEVELOPMENT CO. et al. v. BURGIN et al.   (6 Div. 485.)**

(Supreme Court of Alabama.   Jan. 21, 1926.)

1. Corporations ⬤⟶618,  630(1)—Corporation surrendering its charter exists as body corporate for purpose of suits, settling its business, and disposing of its property.

Where a corporation surrenders its charter, it still exists, under Code 1923, § 7069, as a body corporate for prosecution or defense of suits, settling its business, and disposing of its property.

2. Estoppel ⬤⟶83(2)—Equity of grantor mortgagee held to rest on estoppel, arising from alleged fraud and misrepresentation of grantee mortgagor.

Where grantor mortgagee of land was not at fault in reliance on fraudulent statement of mortgagor's president that mortgagor had conveyed land to O., who assumed the debt, and thereafter O. made deed for the land to mortgagee, who surrendered notes for price, and canceled mortgage of record, equity at his suit will divest the mortgagor and O. of title, and vest same in his grantee, on ground of estoppel arising out of fraudulent representations of mortgagor.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by W. M. Burgin and Jeanette B. Bastar against the Calera Development Company and the Alabama Lime & Stone Corporation.  From a decree overruling demurrer to the bill, respondents appeal.  Affirmed.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellants.

The facts alleged do not show an estoppel on the part of the Calera Development Company, and title to real estate cannot descend in the manner sought.  21 C. J. 1173.

Miller & Graham and D. P. Wingo, all of Birmingham, for appellees.

As to creation of title by estoppel, see 21 C. J. 1201; Sanford v. Hamner, 115 Ala. 406, 22 So. 117; Hoots v. Williams, 116 Ala. 372, 22 So. 497; Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79.  If a person represents that he has no title to land, and thereby induces another to purchase it from a third person, he is estopped to assert title as against the grantee. 21 C. J. 1140; Lindsay v. Cooper, 94 Ala. 170, 11 So. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105; Wilson v. Hall, 150 Ky. 663, 150 S. W. 823; Moore v. Nye, 21 N. Y. S. 94¹; Snodgrass v. Ricketts, 13 Cal. 359; Richards v. Shepherd, 159 Ala. 663, 49 So. 251; Insurance Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674.

---

¹ Reported in full in the New York Supplement Reporter; not reported in full in 66 Hun, 628.

SAYRE, J.  Burgin conveyed a tract of land to Calera Development Company, taking notes and a mortgage to secure a balance ($22,500) of the purchase money.  When one of the notes fell due, and Burgin applied to the development company for payment, he was falsely and fraudulently informed by the company's president, Gewin, that the land had been conveyed to O'Neal's Lime Works, Inc., that the lime works had assumed to pay the debt, and was told to apply to it for payment, after which it was agreed 'that the lime works would make, and said complainant would accept, a conveyance of the land in full payment of the balance due to the latter.  Accordingly the lime works executed a deed to Burgin, who thereupon surrendered the purchase-money notes and entered satisfaction of the mortgage upon the margin of its record in the office of the probate judge.  Entering into the agreement and transaction with the lime works.  Burgin relied upon the statement and representation which had been made to him by Gewin for the development company.  This in 1923.  In 1924 Burgin conveyed the land to his cocomplainant, Jeanette B. Bastar, after which, and when Mrs. Bastar sought to raise a loan on her title, it was discovered by complainants that the development company had not conveyed the land to the lime works.  In the meantime the development company had surrendered its charter, and the corporate name of the lime works changed to Alabama Lime & Stone Corporation.  Now Burgin and Bastar join in the bill in this cause against the Calera Company and the Lime & Stone Corporation, praying that title to the land be divested by decree out of the Calera Company and vested in Bastar.

[1] The development company still exists as a body corporate for the prosecution or defense of suits, settling its business, and disposing of its property.  Code 1923, § 7069.

[2] The single objection taken to the bill by defendants' joint and separate demurrer, which was overruled, was that title to realty cannot be created by estoppel and that complainant Burgin still has his remedy on the notes and mortgage against the development company and none other.

That Burgin, relying upon the representation of Gewin as president and agent of the development company, has changed his position for the worse, is clear enough.  It may be that by appropriate proceedings he might foreclose the mortgage, or have his action upon the notes, if that would now be of any account; but that such remedies have been seriously incumbered, that he has placed himself in a position distinctly less advantageous to his claim of right against the property, cannot well be denied.  Richards v. Shepherd, 159 Ala. 663, 49 So. 251.  This should work an estoppel.  21 C. J. p. 1140, § 142, where the following of our cases are

---

aptly cited: Stamps v. Boon, 184 Ala. 400, 63 So. 1019; Bender v. Barton, 182 Ala. 181, 62 So. 732; Fields v. Killion, 129 Ala. 373, 29 So. 797; Bain v. Wells, 107 Ala. 562, 19 So. 774; Foreman v. Weil, 98 Ala. 495, 12 So. 815; Larkin v. Mead, 77 Ala. 485, and others. The vital principle of estoppel .is well stated, along with illustrative examples, in Fields v. Killion, 129 Ala. 376, 29 So. 797. Nor can it be imputed to complainant Burgin as a fault that he relied on the declarations of Gewin, though he had ample time and opportunity to examine the record or otherwise to ascertain the facts. Nelson v. Kelly, 91 Ala. 574, 8 So. 690.

"Whether, in strictness of speech, a title may be 'created' by estoppel is a refinement of no value in the light of modern equity jurisprudence, for, although the title does not pass, a conveyance will be decreed by a court of equity in accordance with the maxim that equity considers that done which should have been done." 21 C. J. p. 1201, § 201.

This doctrine is fully supported by Boone v. Byrd, 201 Ala. 562, 78 So. 958; Lindsay v. Cooper, 94 Ala. 176, 11 So. 325, 16 L. R. A. ·813, 33 Am. St. Rep. 105; Sanford v. Hamner, 115 Ala. 406, 22 So. 117. Complainant Burgin's equity, which he would enforce for the benefit of his grantee—and no doubt for his own relief—rests upon an estoppel, arising out of the alleged false and fraudulent representations of his grantee mortgagor, the nonenforcement of which would amount to the condonation of fraud. Complainant applied to Gewin as president of the development company for the relief to which, on the facts, he was entitled, and now offers to do equity by releasing O'Neal's Lime Works from all liability that may have been incurred by reason of the warranties contained in its deed. On proof of the facts averred, complainants will be entitled to the relief prayed.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.