## KIMSEY v. JEFFERSON STANDARD LIFE INS. CO.

### 6 Div. 744.

Supreme Court of Alabama.

May 16, 1935.

Rehearing Denied June 20, 1935.

Taylor & Higgins, of Birmingham, for appellant.

Hugh A. Locke, of Birmingham, for appellee.

GARDNER, Justice.

The appeal turns upon the sufficiency of count A. It is there disclosed that promptly upon due proof of disability of the insured, the defendant company began, and has continued, the stipulated monthly payments, and paid the premiums as well in strict accord with the policy provisions. This suit is to recover disability payments, and premiums paid prior to this time, rested upon the theory that recovery should be had from the date of disability, rather than from the time of furnishing due proof thereof. In support of this theory counsel for plaintiff present two lines of argument. The first rests upon the contention that the policy provisions concern-

ing furnishing due proof of disability are conditions subsequent, and therefore the failure to so furnish presents no obstacle in the way of recovery.

■ But we consider this question foreclosed, contrary to plaintiff's contention, in the following of our cases: McCutchen v. All States Life Ins. Co., 229 Ala. 616, 158 So. 729, 730; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; Burchfield v. Ætna Life Ins. Co., 159 So. 235. In McCutchen v. All States Life Ins. Co., supra, it was stressed that New England Mutual Life Ins. Co. v. Reynolds, supra, be overruled, and answering this contention the opinion reviews later authorities fully sustaining the holding in the Reynolds Case, including that of Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, quoting therefrom as follows: "Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due."

These cases are also to the effect that subsequent insanity of the insured will not excuse performance of this condition precedent. Nor can the fact there had been no default in premium payments alter the case, as readily disclosed by the reasoning found in these opinions, and particularly with that of Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, where, as we understand the case, there was no default.

Nor can the fact that the policy here provides for no diminution in the amount payable at the death of the insured by reason of disability payments, in any manner affect the question here presented; that of furnishing proof as a condition precedent.

While the language in the policy here considered may not be the precise wording of those in our cases cited above, yet the similarity is so great and the difference in the wording so negligible as to leave no room for doubt or debate that the meaning is the same, and that the presentation of due proof is a condition precedent to the obligation to pay. It can only properly be classed with the list of "kindred cases" noted in McCutchen v. All States Life Ins. Co., supra. But further consideration of this phase of the case may be dispensed with as unnecessary in the light of these authorities, and we pass to the second line of argument.

■ Plaintiff presents in brief, and through her counsel forcibly argued upon submission, that her recovery may well be rested upon the theory of an estoppel; citing (among other authorities) Ivy v. Hood, 202 Ala. 121, 79 So. 587, 589; Richards v. Shepherd, 159 Ala. 663, 49 So. 251; Barrett v. Northwestern Mut. Life Ins. Co., 124 Neb. 864, 248 N. W. 391, 395, which have been carefully read and considered.

With the holding of these authorities, we are in full accord; but we are unable to appreciate their application to the case at hand. The complaint discloses the issuance of the original policy in June, 1920, and its loss; that in May, 1924 (one year before insured suffered disability), the defendant issued to the insured a "certificate for Lost Policy," which did not contain or set forth the provisions contained in the original policy relating to total and permanent disability, and insured, as a consequence of this fact, in connection with his disability, was not apprised of these policy provisions until June, 1931. Plaintiff relies upon the failure of the loss certificate to contain the policy provisions as to disability, and would have this considered as an "estopping or culpable silence, not a mere silence, that amounts to a representation or concealment of a material fact," treated in Ivy v. Hood, supra.

But the averments of the complaint show no duty on defendant's part to have the certificate so disclose the policy provisions; nor that there was an effort in the certificate to state any of the provisions of the policy. Manifestly, there could be no culpable silence in the absence of any duty to speak. For aught appearing, the certificate was in the usual and customary form of a recognition upon the part of the company that the policy was in existence, but with no indication whatever as to its various provisions. The complaint discloses no misleading conduct or language on defendant's part, and that plaintiff's sole reliance for an estoppel is the issuance of a certificate of loss, which does not appear, and, for aught appearing, was in the usual form.

Much reliance is had upon Barrett v. Northwestern Mutual Life Ins. Co., supra, as a case more nearly in point. But the facts are widely different, and the decision was rested upon fraudulent representations and concealments of material facts, made clear by the following excerpt from the opinion: "It is clear that the defendant's agent wrongfully advised the plaintiff, with the design of influencing him from filing the proper claim, to

the advantage of the defendant company. Plaintiff was misled, to his detriment, by the insurer's conduct." Nothing akin to such a situation is here presented, and we are clear in the view the complaint discloses no essential element of estoppel, and that the assignments of demurrer suffice to sustain the ruling of the court below.

Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.