221 P.2d 555

**ADAMS et al. v. COX.**

**No. 5248.**

Supreme Court of New Mexico.

July 29, 1950.

Rehearing Denied Sept. 2, 1950.

A. B. Carpenter, Roswell, for appellant.
Frazier, Quantius & Cusack, Roswell, for appellees.

SADLER, Justice.

This is the second appeal of this case. For opinion on former appeal, see Adams v. Cox, 52 N.M. 56, 191 P.2d 352. Briefly stated the action is one by plaintiff (appellees) against the defendant to recover damages for his breach of a contract to sell to the plaintiffs a laundry and certain real estate upon which the laundry is located. At the former trial the court sustained the defendant's motion to dismiss the plaintiffs' amended complaint and from the order dismissing such complaint the plaintiffs appealed.

The reversal of the judgment of dismissal on the former appeal left it open to

the plaintiffs to prove at a new trial, if they could, the terms of the contract under which they claimed and that it had been breached by defendant. Under terms of the contract the purchase price of the property involved was fixed at $20,000.00 of which $12,500.00 was payable in cash. Seven thousand five hundred ($7,500.00) dollars of the cash payment was to be raised on a note secured by first mortgage on the property being sold. The balance of the purchase price in the sum of $7,-500.00 was to be secured by a second mortgage in favor of defendant payable at the rate of $200.00 per month with interest at 6% per annum on deferred payments. The amended complaint alleged the defendant had agreed to all the terms mentioned.

Following our remand of the cause on the former appeal, the defendant filed his answer to the amended complaint. Except to admit the residence of the parties, in so far as now material, the answer consisted merely of a general denial of the allegations of the complaint. With the issues thus framed the parties went to trial. When the case was closed the trial court filed its decision containing findings of fact and conclusions of law as follows:

"Findings of Fact

"1. That at all times material to this cause the plaintiffs hereto were co-partners.

"2. That this Court has jurisdiction of this case and of the parties hereto.

"3. That the parties hereto entered into a certain written agreement identified as Exhibit 'A' attached to the First Cause of Action of the First Amended Complaint, and introduced in evidence as Plaintiffs' Exhibit 1.

"4. That the Plaintiffs were ready, willing and able to carry out their said purchase contract with the defendant, but the defendant refused to perform his obligations thereunder.

"5. That the property covered by said written agreement consisted of the Lighthouse Laundry together with the real estate on which it was located, being approximately 100 ft x 168 ft on the corner of South Kansas and West Alameda in the City of Roswell, New Mexico, together with the washers and other equipment therein, and an ironer and dryer which were ordered by the Defendant, but which were not then on the property, said ironer and dryer to be included in the purchase price of $20,000.00.

"6. That the reasonable market value of the property covered by the agreement at the time of breach of contract by the defendant was $20,000.00.

"7. That the Plaintiffs were unable to procure another Laundry for their purposes until July 7th, 1947.

"8. That the Plaintiffs were damaged in the amount of $200.00 per month for the

months of February, March, April, May and June, 1947, because of the loss of profits reasonably to be derived out of the business contracted to be purchased by plaintiffs from the defendant.

"9. That the damages sustained by Plaintiffs were the direct and proximate result of the breach of contract by the Defendant and were within contemplation of the parties."

Based on the foregoing Findings of Fact, the Court makes the following

"Conclusions of Law

"1. That there was a meeting of the minds of the parties hereto, that they entered into a written contract of Purchase and sale.

"2. That as a direct and proximate result of the breach of the contract by the defendant, the plaintiffs sustained damage of $1,000.00 arising out of the loss of profits from the business purchased by plaintiffs from Defendant, and that said damages were the direct and proximate result of the breach of the contract by the defendant, same being within the contemplation of the parties at the time the contract was entered into.

"3. That the plaintiffs are entitled to judgment in the sum of $1,000.00 with interest thereon at six percent per annum upon entering of said judgment until paid, together with costs herein."

Pursuant to the foregoing findings and conclusions, the trial court entered judgment in favor of the plaintiffs and against the defendant for the sum of one thousand ($1,000.00) dollars with interest at the rate of six (6) per cent. per annum from date of entry until paid. This appeal followed.

■ The defendant, as appellant, argues the errors relied upon for reversal under three points. It is first insisted that the burden of proof rests with the plaintiffs to establish their case, a proposition not controverted by them, they agreeing that this burden rests on a plaintiff in all cases. What they challenge with much vigor is the claim by defendant that they failed to sustain this burden. A careful review of the evidence satisfies us that the agreement, constituting the basis of their cause of action, was established by sufficient evidence, substantial in character, to support the finding that it was made. Such being the case the finding will not be disturbed on appeal.

The conclusion reached on this claim of error, in effect, disposes of the second point, namely, that the contract relied upon is bad because there was no meeting of the minds of the contracting parties. We have just held the evidence supports the finding that the agreement was made. Such a finding necessarily presupposes a meeting of the minds of the contracting parties.

The last and final claim of error relates to the damages awarded. Judgment was

given against defendant for one thousand ($1000.00) dollars based upon the trial court's finding of damages at the rate of $200.00 per month for loss of profits for months of February, March, April, May and June, 1947. The defendant argues, because the purchase price of the property was $20,000.00, the same value given the property at time contract was breached as found by the trial court, that only nominal damages were recoverable.

█ We think this claim of error is well taken and must be sustained. The contract in question was an executory one for the sale and purchase of a going business and covered both real estate and personal property. In the absence of circumstances warranting recovery of ascertainable special damages, the "loss of bargain" rule applies as the measure of damages for refusal of vendor to convey under an executory contract for the sale of real estate. The rule is stated by the author of the case note on the subject in 48 A.L.R. 12 (14) as follows: "The general rule for assessing the damage for breach by the seller under an executory contract for the sale of personal property, by failing to deliver the property, is to allow the buyer the difference, if any, between the contract price and the market value of the property, either at the time of the breach, or at the time fixed for the delivery of the property. 24 R.C.L. 70. With the exception made in some jurisdictions, and hereinafter more particularly referred to, relieving the vendor of liability to the vendee for loss of the latter's bargain, where the inability of the vendor to perform is due to defects in his title, if there has been no fraud or bad faith on his part, the rule as to the measure of damage in sales of personal property likewise applies where the vendor in an executory contract for the sale of real estate is unable or refuses to convey to the vendee a good or marketable title, as required by the contract."

We have approved this statement of the rule as to real estate in Conley v. Davidson, 35 N.M. 173, 291 P. 489, 490, where we said: "The general rule is that the purchaser is entitled, as general damages for the refusal or inability of the vendor to convey, to recover the difference between the actual value of the land and the agreed price to be paid therefor. This is generally known as the loss of bargain rule. 27 R.C.L. 631, § 388."

The rule being the same as to both real estate and personal property and the contract in question embracing both kinds of property, we are unable to see in the record any special circumstances that warrant the recovery of additional damages. As to the measure of damages invoked by the trial court, the plaintiffs are unable to furnish any satisfactory answer, nor can we, to the pertinent and persistent inquiry for the date when the accrual of lost profits would cease.

Suppose after diligent efforts, the plaintiffs had been unable to purchase another laundry for one year or two years, or at all. Would damages continue to pile up, or when would they cease? The plaintiffs' counsel have supplied no answer.

The case of Price v. Van Lint, 46 N.M. 58, 120 P.2d 611, is cited and relied upon by the plaintiffs but it furnishes no support for the award of lost profits in the case at bar. If anything, what is there said furnishes support against the position taken by the plaintiffs. Certainly, the claim for lost profits was denied in that case, seemingly, upon a ground obviously present here on the record made, namely, that they do not represent a loss suffered by the plaintiffs as the natural and proximate result of defendant's breach of the contract which reasonably may be supposed to have been within the contemplation of the parties, as a probable result of the breach. Bender v. Barton, 182 Ala. 181, 62 So. 732. Annotations, 48 A.L.R. 12, supplemented in 68 A.L.R. 137.

The agreed purchase price of the property being sold was $20,000.00 and its market value at time of defendant's breach of the contract to transfer and convey was found by the court to be only $20,000.00. In such circumstances only nominal damages are recoverable. Stevens v. Mitchell, 51 N.M. 411, 186 P.2d 386. The trial court erred in awarding damages based upon supposed loss of profits.

The plaintiffs have sued out a cross-appeal. Since to consider it we must repudiate the verity of the duly authenticated record in the respect complained of, we do not consider the error assigned on the cross-appeal.

The judgment will be reversed and the cause remanded with a direction to the district court to set aside its judgment and enter a new judgment in plaintiffs' favor for nominal damages and costs in that court. The defendant will have his costs of the appeal.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE and COMPTON, JJ., concur.