344 P.2d 697

Sam JOHNSON, Plaintiff-Appellee,

v.

H. C. NICKELS, Defendant-Appellant.

No. 6559.

Supreme Court of New Mexico.

Oct. 2, 1959.

Jay Morgan, Portales, for appellant.

Rowley, Davis & Hammond, Clovis, for appellee.

MOISE, Justice.

This is an appeal from a judgment of $2,500 entered in favor of plaintiff-appellee and against defendant-appellant by virtue of a jury verdict in that amount.

The case arose out of certain dealings between the parties whereby plaintiff claimed that shortly after October 10, 1957, he had contracted to buy certain cattle and personal property from appellant, and that appellant breached his contract and refused to deliver, but sold to somebody else on or about November 14, 1957.

The first point relied on for reversal is a claim by appellant that there is no substantial evidence to sustain the verdict of $2,500 damages, and no substantial evidence to show appellee was damaged at all.

In this connection, it should be sufficient to point out that there is evidence that the cows involved were better than average stocker cows. The contract called for 319 head of cows. Mr. Carl Shors, a witness called by appellee, testified that he was engaged in the business of buying and selling cattle, and had been for 25 years; that between October 10, 1957, and November 14, 1957, there was a steady rise in the market on cattle; that average stocker cows increased in value $20 to $25 per head during this period. The record further discloses that on or about November 14, 1957, appellant sold for $45,000 the identical livestock and other personal property allegedly agreed to be sold to appellee, plus approximately $1,500 worth of feed. The price to appellee had been $40,000. There is additional evidence that the market had advanced, but the foregoing is sufficient to describe the situation.

In Conley v. Davidson, 35 N.M. 173, 291 P. 489, 490, the following rule applicable to damages for failure by a vendor to deliver real estate under a binding contract of sale was laid down:

"The general rule is that the purchaser is entitled, as general damages for the refusal or inability of the vendor to convey, to recover the difference between the actual value of the land and the agreed price to be paid therefor. This is generally known as the loss of bargain rule. 27 R.C.L. 631, § 388."

That the same rule is applicable when a vendor of personal property fails to deliver

under his contract was decided in Adams v. Cox, 54 N.M. 256, 221 P.2d 555.

In the case of Pugh v. Tidwell, 52 N.M. 386, 199 P.2d 1001, 1002, the measure of damages was stated as "the difference between the agreed price at the time and place of delivery and the market price at time of refusal."

It should be apparent that if the cows had increased in value by $20 to $25 per head between October 10 and November 14, damages amounting to considerably more than $2,500 would be within the proof, and also that when appellant sold for $5,000 more than his price to appellee, after deducting $1,000 to $1,500, the value of feed not included in his sale to appellee, he himself established a market value on the date of that sale, and a judgment of $3,500 to $4,000 would have been within the proof.

 It is thus amply clear that there is substantial evidence to support the verdict and judgment and that appellant's first point is not well taken.

Appellant for his second point claims error in the court's refusal to admit into evidence three printed circulars ostensibly published by the Ranchers & Farmers Livestock Auction Co., Clovis, New Mexico, showing results of sales on September 20, 1957; October 4, 1957; October 29, 1957, and November 1, 1957. These exhibits were offered twice by appellant—once when Carl Shors was being cross examined and after he had read from them, and once during the presentation by appellant of his case. Upon objection being made when first offered, the court ruled they should not be offered during plaintiff's case, but could be tendered again during defendant's case. This was done and they were again excluded on the ground that they were hearsay and not the best evidence.

 That they were not objectionable on this ground would seem to be clear, as the introduction of market reports and quotations as contained in newspapers and trade journals is generally permitted under an exception to the hearsay rule. Except as to certain types of publications such as the automobile "Blue Book" which is in such general use and of such wide distribution and acceptance as to be a matter of common knowledge, Curtis v. Schwartzman Packing Co., 61 N.M. 305, 299 P.2d 776, a foundation for introduction should have been laid that the publication is trustworthy "and is relied upon by the trade in general in dealings and negotiations" with reference to cattle. California Sugar & White Pine Co. v. Whitmer Jackson & Co., 33 N.M. 117, 263 P. 504. Note in 43 A.L.R. 1192, at page 1196. However, the objection of appellee to the tender was not made on this ground. Be this as it may, and although the evidence was not objectionable for the reasons stated by counsel in his objection, appellant does not demonstrate how he was prejudiced by its exclusion and

we do not see how he was. The pertinent parts of the exhibits had been read to the jury and this information was before them. Nothing additional would have been added by admitting them in evidence. Unless errors committed by the lower court are shown to be prejudicial to a substantial right of the party complaining, they will be disregarded in this Court. Goldenberg v. Law, 17 N.M. 546, 131 P. 499; Wiggs v. City of Albuquerque, 57 N.M. 770, 263 P.2d 963; Wright v. Atchison T. & S. F. Ry. Co., 64 N.M. 29, 323 P.2d 286.

Appellant's third and fourth points were addressed to the court's refusal to give two instructions requested by appellant. These points were abandoned at the time of oral argument.

■■ The fifth point argued by appellant as a ground for reversal arises out of the lower court's failure to sustain a motion for a directed verdict in favor of appellant, and is in effect an assertion that there is no substantial evidence to support a valid contract between the parties. In this connection, we have examined the transcript, and although there are some differences in the evidence, we believe there was substantial proof of a meeting of the minds and all other material elements to make a binding contract. The jury so concluded after having been instructed fully as to both appellant's and appellee's theories. Under such circumstances we will not overturn the verdict. Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071.

Finding no error, the judgment of the lower court is affirmed, and it is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and CARMODY, JJ., concur.