398 P.2d 980

**Clark LANIER, Defendant, Third-Party Plaintiff, Appellee and Cross-Appellant,**

v.

**SECURITIES ACCEPTANCE CORPORATION and Central National Insurance Company, Third-Party Defendants, Appellants and Cross-Appellees.**

**No. 7011.**

Supreme Court of New Mexico.

Feb. 1, 1965.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellants.

Cooney, Schlenker & Briones, Farmington, for appellee.

McMANUS, District Judge.

George B. Hisel and Maryland Casualty Company sought damages against Clark Lanier on account of an auto-truck collision in which Lanier's 17-year-old son had been the driver of the auto. Lanier then filed a third-party action against Securities Acceptance Corporation (hereinafter termed S.A.C.) and Central Insurance Company, seeking reimbursement from them in any amount for which he might be found to be liable to Hisel and Maryland Casualty Company. His claim against the third-party defendants is based upon an alleged agreement to procure an automobile liability insurance policy to be immediately effective. A judgment against Lanier in favor of Hisel and Maryland Casualty Company in the amount of $8700 has become final. The court enter-ed judgment for Central National Insurance Company notwithstanding the verdict. This appeal is from a judgment for Lanier and against S.A.C. following a jury verdict.

The evidence discloses that Lanier's 1955 Plymouth automobile was financed by S.A.C. Shortly after the purchase of the car, S.A.C. sent Lanier a letter inviting him to obtain liability insurance through S.A.C. Mrs. Lanier requested insurance which would cover an under-age driver, and, subsequently, on July 11, 1955, the accident occurred. The trial court determined, on the basis of a stipulation, that Lanier's damage was limited to $5000 and ruled that as a matter of law he was not entitled to attorneys fees or costs incurred in defending the original action.

S.A.C. asserts error in the court's denial of a directed verdict for it, at the close of the evidence, or, in the alternative, a judgment non obstante veredicto, for the reason that there was neither a contract of insurance nor negligence which would allow a recovery against it.

The question is whether there is evidence by which the jury could have concluded that S.A.C. agreed to act as agent for the Laniers in obtaining the necessary insurance coverage to be effective at once. If so, S.A.C.'s failure to so perform was a breach of its contract, to the detriment of Lanier.

Although the jury found there was no contract of insurance with the insurance company, the finding that S.A.C. agreed to procure insurance to be immediately effective is necessarily implicit in its verdict.

▇ The question of agency must be determined from all of the facts and circumstances, together with the conduct and conversations between the parties. Lanier is not seeking to recover from S.A.C. on a public liability insurance contract, but he seeks recovery of damages for breach of contract to procure for him a valid policy effective immediately. See Brown v. Cooley, 56 N.M. 630, 247 P.2d 868, where there was a similar situation.

▇ There is testimony that an S.A.C. employee told Mrs. Lanier, in answer to her request for liability insurance which would cover an under-age driver, that it would procure such insurance to be effective immediately; that a written or signed application was unnecessary; and, that the premium would be added to their automobile financing and included in the monthly payments. It is true that the evidence on the question is conflicting including much contradictory testimony by Mrs. Lanier regarding her telephone conversation with S.A.C. Even though this court might have reached a different conclusion from that reached by the jury, there is nevertheless substantial evidence which supports the verdict. It is the province of the trier of the

facts to resolve and reconcile the contradictions, inconsistencies and conflicts, and finally to say where the truth lies. Addison v. Tessier, 65 N.M. 222, 335 P.2d 554; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522. An appellate court will not, on review, substitute its judgment for that of the jury. Adams v. Cox, 55 N.M. 444, 234 P.2d 1043; Edwards Const. Co. v. Peterson, 61 N.M. 104, 295 P.2d 858; Johnson v. Nickels, 66 N.M. 181, 344 P.2d 697. In addition, a jury verdict unsuccessfully assailed by motion for judgment notwithstanding the verdict comes to an appellate court not only with the approval of the jury, but with that of the trial court, who has, after carefully considering the evidence with all of the opportunity which the jury had of determining its weight and credence, given the verdict its approval. Reck v. Robert E. McKee General Contractors, 59 N.M. 492, 287 P.2d 61.

▇ Appellant next contends that the court erred in instructing the jury in such a manner as to allow it to reach a conclusion of law. The objectionable portion of the instruction, according to appellant, is the statement that if the jury finds that Mrs. Lanier "was entitled to believe" that a contract was to be effective immediately, then the jury could find the existence of an oral contract of insurance. The answer to this argument is that the jury specifically found that no contract of insurance existed and,

therefore, the alleged error, if any, is not prejudicial to the appellant and will be disregarded. Johnson v. Nickels, supra; Edwards Const. Co. v. Peterson, supra.

Appellant attacks instruction number 14 on the grounds that it was "too general, too abstract, did not contain a proper limitation to the facts of this case, did not furnish any limitation upon the speculation of the jury, left the jury too much room in which to decide liability, left not a conclusion of fact to the jury but a conclusion of law." Appellant's contention will not be considered for the reason that it failed to specifically object to the instruction in the trial court on any of the grounds now urged. The error now complained of was not preserved. Rules of Civil Procedure, Rule 51(g); Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028; State v. Compton, 57 N.M. 227, 257 P.2d 915.

Finally, we come to the cross-appeal, by which Lanier seeks to recover costs and attorneys fees as an element of his damages. There is no merit to the argument wherein he analogizes this case to the circumstance where a party is forced to bring court action in order to compel an insurance agent to perform his obligation. Appellee here is not suing to enforce the contract, but rather has brought an action for damages resulting from its non-performance. In the absence of statutory authority or rule of court, attorneys fees are not recoverable as an item of damages, Keller v. Cavanaugh, 64 N.M. 86, 324 P.2d 783; and appellee has not shown us the existence of such authority. See, also, Banes Agency v. Chino, 60 N.M. 297, 291 P.2d 328.

Furthermore, the awarding of costs to the prevailing party is a matter of discretion with the trial judge, and absent abuse of discretion this court will not interfere with the lower court's exercise of its discretion, Mills v. Southwest Builders, Inc., 70 N.M. 407, 374 P.2d 289. We find no sufficient showing of such abuse of discretion.

It follows that the judgment of the court below should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.