This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LUPE BACA,**

Plaintiff-Appellant,

v.                                                                    **NO. 30,661**

**SUNSET MEMORIAL PARK OF GALLUP,**
**INC., and UNKNOWN PERSONS 1-100,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Louis E. Depauli, Jr., District Judge**

William G. Stripp
Ramah, NM

for Appellant

Robert Bruce Collins
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiff appeals an order granting summary judgment in Defendant's favor on all of Plaintiff's claims arising from her discovery that the gravesite she purchased, in which she had intended to be buried next to her deceased husband, was occupied.

The cemetery corrected its error by disinterring the body occupying the ground Plaintiff had purchased, and Plaintiff still intended to be buried there next to her husband. However, she sued for breach of contract and other claims, and summary judgment was granted for Defendant cemetery. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiff has responded with a memorandum in opposition. As we are not persuaded by Plaintiff's arguments, we affirm.

**Breach of Contract**

Plaintiff's docketing statement raised the issue of whether the district court erred in concluding that there was no breach of contract in this case. [DS 5] In this Court's notice of proposed summary disposition, we stated that this is not in fact what the district court decided. We explained that the district court did not determine whether there was a breach of contract because it determined that even if there had been a breach, Plaintiff could not prevail on her claim because she failed to present evidence of any damages in the form of either economic loss or severe emotional distress. We stated that, to the degree that Plaintiff's docketing statement could be read to argue that she had in fact established economic loss, we proposed to disagree.

In Plaintiff's memorandum in opposition, Plaintiff argues that Defendant did not make a prima facie showing that Plaintiff suffered no economic loss because it

2

relied on argument, rather than admissible evidence. [MIO 3] First, we note that nothing in Plaintiff's response to Defendant's summary judgment motion suggested that it should be denied because it was based on argument, rather than evidence; we regard this argument as unpreserved. Even if true, this argument would not serve as a basis for reversal on appeal. *See Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 1997-NMCA-025, ¶¶ 31-32, 123 N.M. 170, 936 P.2d 852 (concluding that normal rules of preservation of error apply to appeals from summary judgments). However, Defendant's motion for summary judgment attached affidavits and portions of depositions that provide evidence that the plot Plaintiff purchased was both available to Plaintiff upon her death and that she still intended to be buried there. [RP 83, 85-88] This constituted evidence to support Defendant's argument that Plaintiff had not suffered economic harm.

Plaintiff also argues, and we agree, that "even if Plaintiff could only prove nominal damages, she still had a right to have her case presented to a jury." [MIO 4] *See Adams v. Cox*, 54 N.M. 256, 259, 221 P.2d 555, 557 (1950) (awarding nominal damages for a breach of contract when there was no evidence to support an award of compensatory damages). However, Plaintiff did not raise this argument in the district court, and it, too, is unpreserved for appeal. Defendant's motion for summary judgment stated that: "Lupe Baca Cannot Recover for Breach of Contract . . . When

She Has Incurred No Provable Damages As a Result of the Alleged Breach of the Contract[.]" [RP 71] Plaintiff's response stated that "Plaintiff Meets All of the Elements of . . . Breach of Contract, Including Having Provable Damages[.]" [RP 99] Plaintiff's argument was simply that she could prove damages because she now had a used plot, rather than a new one. We see nothing to establish a diminished value for the plot in question. Plaintiff did not argue that she was entitled to nominal damages because she could not prove actual damages. And to the degree that Plaintiff now intends to argue that proof supporting entitlement to compensatory damages is not an element of breach of contract, such that even if a defendant can establish that a breach of contract did not itself cause economic loss to the plaintiff, summary judgment should not be granted on the claim, Plaintiff never made this argument to the district court. Furthermore, her response seemed to concede that damages were an element of a breach of contract claim. We will not reverse on the basis of an argument that Plaintiff did not raise in the first instance in the district court. *See Spectron Dev. Lab.*, 1997-NMCA-025, ¶¶ 31-32.

**Severe Emotional Distress**

Plaintiff contends that the district court erred in concluding that there was no genuine issue of material fact about whether she suffered severe emotional distress. [DS 5] In this Court's notice of proposed summary disposition, we proposed to affirm

4

the district court's determination that Plaintiff failed to rebut Defendant's prima facie showing that Plaintiff could not establish the kind of severe emotional distress necessary to support some of her claims. Plaintiff's memorandum in opposition reiterates her argument that her statement that she felt "terrible" upon learning that someone else had been buried in, and then disinterred from, her burial plot was sufficient. [MIO 4-6] We are uncertain for whom this bell tolls. However, for the reasons stated in our notice of proposed summary disposition, we conclude that the district court did not err in concluding that this was insufficient to defeat Defendant's motion for summary judgment on this issue.

Plaintiff also asserts that the district court was not there to see Plaintiff during her deposition to assess her emotional state when she said she felt terrible, and that, as an appellate court, we should defer to the fact finder on issues of demeanor and credibility. [MIO 5] However, as this was a motion for summary judgment, the district court made no findings about Plaintiff's demeanor or credibility. Instead, the district court correctly determined as a matter of law that Plaintiff failed to present sufficient evidence to demonstrate the kind of severe emotional distress that was necessary to support some of her claims.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Judge**

_____
**MICHAEL E. VIGIL, Judge**